[Department Two.—May 8, 1883.]

## THE ANGLO-CALIFORNIAN BANK, LIMITED, APPELLANT, v. GRANGERS' BANK OF CALIFORNIA, RESPONDENT.

CORPORATION—TRANSFER OF STOCK—EQUITIES—A transfer of shares of the capital stock of a corporation by the owner thereof to a *bona fide* purchaser for value, vests the title in such purchaser free of equities between the seller and the corporation of which the purchaser was ignorant at the time of the transfer, though provided for by a by-law of the corporation. The existence of such a by-law is not enough to charge the purchaser with notice, nor is it enough

that the purchaser, being also a corporation, has a similar by-law which is printed on each of its certificates of stock. The power of corporations to make by-laws for the transfer of their stock does not include the power to create liens thereon, affecting purchasers for value without notice.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The stock in question was transferred to the plaintiff by one Fowler as security for the payment of a debt previously contracted, the time of payment being extended in consideration of the transfer. The stock was represented by a certificate issued to Fowler as the owner thereof, and the transfer to the plaintiff was regularly made by assignment and delivery of the certificate. At the time of the transfer, Fowler was indebted to the defendant in a large amount, and the defendant claimed a lien on the stock under one of its by-laws, for the payment of this indebtedness. The plaintiff had no knowledge of the indebtedness or the existence of the by-law. A demand by the plaintiff for a transfer of the stock on the books of the defendant was refused, and the action was brought to recover damages for such refusal. The defendant was incorporated under the provisions of the Civil Code. The additional facts sufficiently appear in the opinion of the court.

*Chickering & Thomas,* for Appellant.

1. Our general proposition is that a *bona fide* purchaser of corporate stock, for value and without notice, takes it free of all equities between his vendor and the corporation.

Plaintiff was a purchaser for value. Our forbearance to sue, and our renewal of Fowler's obligation on the faith of the security, are *valuable* considerations. (*Frey* v. *Clifford,* 44 Cal. 335; *Cary* v. *White,* 52 N. Y. 138; 2 Pomeroy Equity, § 749.)

2. The plaintiff had no actual or constructive notice of the by-laws of the defendant. Nothing can be statutory notice which is not expressly declared by the statute to be notice.

3. Plaintiff had no actual notice of circumstances sufficient to put a prudent man upon inquiry as to the by-laws of defendant. The facts do not bring the case within either of the two classes

spoken of by Wigram, V. C., in *Jones* v. *Smith*, 1 Hare, 43, 55, 56, which is cited in 2 Pomeroy's Equity, § 605, and spoken of therein as "the most comprehensive and accurate generalization" of the law of constructive notice "ever attempted by any judge or text-writer."

4. Stocks are *quasi* negotiable instruments, and those who purchase them in good faith, for value and without notice, take them free of all equities. (*Winter* v. *Belmont Mining Company*, 53 Cal. 428.)

5. The defendant held out Fowler to the world as the legal owner of the stock, and is bound by his disposition of it to a purchaser for value without notice. (*Winter* v. *Belmont Mining Company, supra; Brewster* v. *Sime*, 42 Cal. 147; *Thompson* v. *Toland*, 48 Cal. 113; *Stone* v. *Marye*, 14 Nev. 362; *Holbrook* v. *New Jersey Zinc Company*, 57 N. Y. 616.)

6. The by-laws of a corporation are not binding on third parties. They need only look within the four corners of the certificate. (*Mechanics' Bank* v. *Smith*, 19 Johns. 115; *Lowry* v. *Commercial Bank*, Taney, 310; *Bank* v. *Lanier*, 11 Wall. 369; Angell & Ames on Corp. § 359; *Salisbury Mills* v. *Townsend*, 109 Mass. 115; *Bank* v. *Pinson*, 58 Miss. 421, and citations.)

*Pillsbury & Titus*, for Respondent.

1. Corporations have power to make by-laws regulating the transfer of stock. (Civ. Code, § 354, sub. 6; *St. Louis etc. Ins. Co.* v. *Goodfellow*, 9 Mo. 149; *Cunningham* v. *Alabama Trust Co.* 4 Ala. 652; *Mechanics' Bank* v. *Merchants' Bank*, 45 Mo. 513; Field on Corporations, § 304; *Pendergast* v. *Bank of Stockton*, 2 Sawy. 108.)

2. When the holder of stock is indebted to the corporation, and the corporation has a lien on the stock for the debt, a transferee of the certificate is not entitled to a transfer of the stock on the company's books, except he first pay the debt. (*McCready* v. *Rumsey*, 6 Duer, 574; *Reese* v. *Bank of Commerce*, 14 Md. 271; *Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.* 13 N. Y. 599; *Union Bank of Georgetown* v. *Laird*, 2 Wheat. 390; *Stebbins* v. *Phœnix F. I. Co.* 3 Paige, 350.)

3. Certificates of stock are not negotiable securities in the sense that an indorsement and delivery thereof to a *bona fide* purchaser, for value and without actual notice, cuts off equities between the corporation and the holder and transferrer of the stock. (*Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.* 13 N. Y. 623, 624; *Bank of Georgetown* v. *Laird*, 2 Wheat. 390; *Stebbins* v. *Phœnix Fire Ins. Co.* 3 Paige, 350; Angell & Ames on Corporation, §§ 352, 353, 3d ed.; *Dunn* v. *Commercial Bank of Buffalo*, 11 Barb. 580; *Weaver* v. *Barden*, 3 Lans. 338; 49 N. Y. 286; *Hall* v. *Rose Hill etc. Road Co.* 70 Ill. 673; *Shaw* v. *Spencer*, 100 Mass. 382; 1 Am. R. 115; *Atkins* v. *Gamble*, 42 Cal. 99; *Sherwood* v. *Meadow Valley M. Co.* 50 Cal. 412; Note to 6th ed. Parsons on Contract, vol. 1, p. 290.)

SHARPSTEIN, J.—The court found that prior to and at the time of the transfer of thirty shares of the capital stock of the corporation defendant, by one Fowler to the corporation plaintiff, said Fowler was indebted to the defendant in a sum greatly in excess of the value of said stock, and that said indebtedness had never been paid, and that by virtue of a by-law of said corporation defendant, it was justified in refusing to enter said transfer upon its books until said indebtedness should be paid. Said by-law reads as follows:—

"All transfers of stock shall be subject to all debts and equities in favor of the corporation, against the person or corporation making such transfer, and existing or arising prior to the regular transfer thereof upon the books of the corporation, and no transfer of shares shall be made upon the books of the corporation until all dues and demands thereon due to the corporation from the party or parties representing such shares shall have been paid."

The court also found that the plaintiff had no actual knowledge of that by-law, and that it never tried by inquiry or otherwise to obtain any such knowledge. It is not found that prior to said transfer the appellant was informed or knew of the indebtedness of said Fowler to the respondent.

It is found that many of the banking corporations of this city, including the corporation plaintiff, had by-laws similar to the one above quoted, and that the latter corporation had such a

by-law printed upon its certificates of stock, from which the court drew the conclusion "that the corporation plaintiff, its managers and other officers, had actual notice of circumstances sufficient to put a prudent man upon inquiry as to the contents of the code of by-laws of the corporation defendant herein."

The only circumstance, however, of which the plaintiff had actual notice was that it had a similar by-law of its own, a copy of which it had printed upon every stock certificate issued by it. As the defendant did not print a copy of said by-law upon any stock certificates issued by it, we do not think that the circumstances of the plaintiff's having a similar by-law, coupled with the fact that a copy thereof was printed upon all certificates of stock issued by it, was equivalent to actual notice of the fact of the defendant having such a by-law, although the plaintiff neglected to make any inquiry, and might have ascertained if it had, that the defendant had such a by-law.

The respondent's counsel, however, insist that even if the plaintiff be "a *bona fide* purchaser for value and without actual notice," it took the certificates subject to the equities which existed, at the time of the transfer, between the defendant and Fowler. If the law conferred upon the defendant the power to make such a by-law, we are not prepared to deny that it might have the force and effect claimed for it by respondent's counsel. The provision of the Civil Code which it is claimed confers such power upon corporations declares that "every corporation, as such, has power . . . . to make by-laws not inconsistent with any existing law, for the management of its property, the regulation of its affairs, and for the transfer of its stock." (Civ. Code, § 354.) The transfer of stock is provided for in another section, of which the following is a copy:—

"Whenever the capital stock of any corporation is divided into shares, and certificates therefor are issued, such shares of stock are personal property, and may be transferred by indorsement by the signature of the proprietor, or his attorney or legal representative, and delivery of the certificate; but such transfer is not valid except between the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties by and to whom transferred, the number or

designation of the shares, and the date of the transfer." (Civ. Code, § 324.)

The shares for which Fowler held a certificate were personal property, i. e., his personal property, and he could transfer it by his indorsement and the delivery of the certificate to the plaintiff or any one else. Fowler being the holder of the certificate, was in the possession of the shares for which it was issued, and those shares were his personal property, which he was authorized by law to transfer by an indorsement and delivery of the certificate to the plaintiff. The defendant was not in possession of the shares for which Fowler held the certificate, and such shares being his personal property, the defendant had no general lien upon it for any balance which might be due it from Fowler in the course of business. (Civ. Code, § 3054.) The lien, if any, must have been created by the by-law above quoted, and it seems to us that no lien could be created in that· way which would affect a *bona fide* purchaser for value without notice, to whom the stock was transferred in the mode prescribed by the Code. We think that the by-law which it is claimed gives the defendant such a lien, is clearly inconsistent with the provisions of section 324 of the Civil Code which we have quoted.

The provision that "the transfer is not valid, except between the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties by and to whom transferred, the number or designation of the shares, and the date of the transfer" does not, as we construe it, justify the defendant in its refusal to enter upon its books the transfer from Fowler to the plaintiff, any more than it would in the absence of·any such by-law as the one upon which the defendant relies for its justification in this case. If there was a valid transfer of the stock from Fowler to the plaintiff, the latter had a right to have it transferred on the books of the defendant. The defendant might make by-laws regulating the transfer of stock, but it could not, under the power to regulate the transfer of stock, create a secret lien upon it, which would adhere to it in the hands of a *bona fide* purchaser for value and without notice. This question was elaborately, if not exhaustively, discussed in *Bullard* v. *Bank*, 18 Wall. 589, and in *Driscoll* v.

*West Bradley & C. M. Co.* 59 N. Y. 96, and the conclusion reached in both cases was that a corporation could not, under the power to make by-laws for the regulation of the transfer of stock, "create or declare a lien upon the stock by by-law, nor refuse to permit a transfer until the indebtedness of the stockholder to the company be paid."

The proposition that the possession of certificates of corporate stock which bear the proper indorsements is *prima facie* evidence of ownership, and that the holder for value without notice of prior equities obtains a perfect title as against such equities is not weakened, but rather strengthened by the provisions of our Code relating to that subject.

Judgment and order appealed from reversed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.