[No. 13300.   Department One. — January 29, 1890.]

## LANKERSHIM RANCH LAND AND WATER COMPANY, APPELLANT, v. THEOBALD HERBERGER, RESPONDENT.

ATTACHMENT — SUBSCRIPTION TO STOCK OF CORPORATION — LIEN UPON UNPAID STOCK — TRANSFERABLE CERTIFICATE. — Though an attachment will not lie where a lien exists, it will lie upon unpaid installments due upon a subscription to the stock of a corporation, where no lien exists by contract, and a transferable certificate has been issued by the corporation, setting forth the terms of the subscription, and the amount paid thereon. Such a certificate gives as complete possession of the shares evidenced by it as if it were for paid-up stock; and the corporation, having no possession, has no seller's lien thereon, and can have no general lien, except for assessments under section 331 of the Civil Code, in the absence of a contract between the corporation and its stockholders, creating a lien not dependent upon possession of the certificate of stock, to secure the indebtedness of the stockholders to the corporation.

APPEAL from a order of the Superior Court of Los Angeles County dissolving an attachment.

The facts are stated in the opinion.

*Scarborough & Waterman*, and *Brunson, Wilson & Lamar*, for Appellant.

*Allen & Miller*, for Respondent.

GIBSON, C. — This appeal is from an order dissolving an attachment.

In 1887 a syndicate known as the Lankershim Syndicate, composed of certain persons, not including the respondent, purchased twelve thousand acres of land, and agreed among themselves to organize a corporation under the state laws, "for the purpose of dividing, developing, and selling said land." On the 2d of August, 1887, the respondent, among others, signed and delivered to the syndicate an offer and agreement in writing, in which it was set out that the syndicate was about to create a corporation for the purposes above mentioned, with a capital stock of seven hundred and eighty thou-

sand dollars, divided into seven thousand eight hundred shares, of the par value of one hundred dollars per share. By this instrument the respondent agreed, when the corporation should be formed, to take twenty-five shares of its capital stock, and pay therefor as follows: Fifteen per cent cash; twenty-five per cent September 10, 1887, without interest; thirty per cent July 1, 1888, with interest at five per cent per annum; and thirty per cent July 1, 1889, with the same rate of interest,—all upon condition, however, that should the corporation not be formed or the land not be conveyed to it for any reason, then the amount paid by respondent should be returned to him. In September, 1887, the corporation was formed, and by a conveyance made on or about January 1, 1888, it acquired the land mentioned from the syndicate; also the offer and agreement of respondent, together with the money paid by him to the syndicate, and twenty-five shares of the capital stock of the corporation to meet the offer of respondent. The appellant thereupon accepted the offer of respondent, and issued to him a certificate, which reads as follows:—

"OFFICE OF THE LANKERSHIM LAND AND WATER COMPANY, LOS ANGELES, CAL., January, 21, 1888.

"This is to certify that Theobald Herberger has subscribed for twenty-five shares of the capital stock of the Lankershim Ranch Land and Water Company, of the par value of one hundred dollars each, aggregating two thousand five hundred dollars, payable as follows, to wit: Fifteen per cent cash; twenty-five per cent on or before September 10, 1887, without interest; thirty per cent on or before July 1, 1888, with interest at five per cent per annum; and thirty per cent on or before July 1, 1889, with interest at five per cent per annum. This receipt is assignable by indorsement, upon first giving notice to the undersigned at the office of the company. Deferred payments bear interest from—

"F. C. GARBUTT, Secretary."

" Upon the above stock the following payments have been made, to wit:—

"1. Received of Theobald Herberger the sum of $375, being first installment of the above stock, this eighteenth day of August, 1887.     F. C. Garbutt, Secretary."

" 2. Received of Theobald Herberger the sum of $625, being second installment of the stock, this third day of September, 1887.     F. C. Garbutt, Secretary."

June 15, 1888, the appellant, by a resolution of its board of directors, called for the payment of the third installment, due July 1, 1888, on the twenty-five shares of respondent, amounting to $750, together with interest thereon. Respondent having failed to respond to this call, an action was instituted and a writ of attachment issued, and a levy thereunder made upon his property. A motion to dissolve the attachment was then made by him, on the ground "that the payment of the obligation sued on was secured at the making by a retention of the evidences of title to such personal property, and the certificates of stock for which said obligation was created by plaintiff as security for said debt." The motion prevailed, hence this appeal.

In granting the motion, the court below evidently proceeded upon one of two theories: 1. That as the corporation had sold the stock to defendant, but had not issued to him a paid-up certificate of stock, it still retained the stock, and had a special seller's lien thereon for the unpaid installments of his subscription, under section 537 of the Civil Code; or 2. That as it had not issued a certificate for full-paid stock, whether it thereby retained possession of the stock or not, it had a general lien thereon for the unpaid installments. For if a lien existed in either case, an attachment would not lie. (Code Civ. Proc., sec. 537.)

A corporation for profit may give credit to the subscribers to its capital stock for the stock; and may, by proper provision in its by-laws, issue certificates to such

subscribers prior to full payment for the stock. (Civ. Code, sec. 323; *Mitchell* v. *Beckman*, 64 Cal. 117.) The defendant in this case, therefore, upon paying the installments due, and receiving the transferable certificate showing his subscription to and payment of all installments due on twenty-five shares of the capital stock of plaintiff, thereby became the owner of such shares of the capital stock evidenced by such certificate, subject to the unpaid installments mentioned in the certificate. And such certificate gave him as complete possession of the shares evidenced by it as though it were a certificate in the ordinary form issued for paid-up stock. Hence, as the plaintiff, at the time the installments sued for became due, did not have possession of the defendant's stock, it could not have a seller's lien thereon.

Did the corporation have a general lien upon the stock of defendant not dependent upon possession? We think not.

Under our statutes, the only lien given to corporations for profit upon their subscribed capital stock, and which does not depend upon the possession of the certificate of stock, is to secure the payment of assessments levied for the purpose of paying expenses, conducting business, and paying debts. (Civ. Code, sec. 331.) It has been doubted, even, whether a lien upon stock can be created by a by-law, in view of section 324 of the Civil Code, which provides that certificates of stock may be transferred by indorsement and delivery of the certificate, but that such transfer is not valid except between the parties thereto, until the same is properly entered upon the books of the corporation. (*Anglo-California Bank* v. *Grangers' Bank*, 63 Cal. 359.) But however that may be, a lien not dependent upon possession of the certificate of stock may, by a contract between a corporation and its stockholders, be created in favor of the corporation, to secure the indebtedness of the stockholders to the corporation. (*Jennings* v. *Bank of California*, 79 Cal. 323.)

It is claimed by the respondent that a contract was made between himself and the corporation, whereby the latter was to retain possession of his stock, and have a lien thereon for the unpaid installments of the subscription; but the record fails to show such a contract.

Our conclusion is, that as no lien existed upon defendant's stock in favor of the plaintiff to secure the installment sued for, the court erred in granting the order dissolving the attachment, and it should therefore be reversed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order dissolving the attachment is reversed.