[No. 7778.]

## BOARD OF DIRECTORS OF THE YELLOW JACKET IRRIGATION DISTRICT ET AL. v. WESSELS.

1. PLEADINGS—*Striking from the Files.* That portions of a pleading are impertinent or irrelevant is no ground to strike out the whole pleading. (248)

2. MANDAMUS—*Judgment Upon the Pleadings,* without hearing proofs is error.—*Parr v. Sexson* 56 Colo. 491, followed. (249)

3. PARTIES—*Necessary.* Mandamus to compel the directors of an Irrigation District to deliver certain warrants of the district, to which the plaintiff claims to be entitled, must join the district. (249)

*Error to the Routt District Court.*—Hon. JOHN T. SHUMATE, Judge.

Mr. J. K. BOZARD, Mr. W. B. McCLELLAND, and Messrs. MORRISON & DE SOTO, for plaintiff in error.

Mr. JOSEPH C. HELM, Mr. HARRY E. KELLY, Mr. CHARLES H. HAINES, and ARTHUR L. WESSELS, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The record presented in this case is the most delightfully unintelligible, incomprehensible and inexcusably complicated compilation of alleged court proceedings possible of conception. There are numerous and lengthy briefs containing allegations and arguments as to what the record does or does not show, together with myriads of citations of authority upon technical questions, none of which should have been raised or considered in the case.

The pleadings and proceedings, as appearing in the disputed record thereof, and the many briefs filed, are

masterpieces in the matter of seeming effort to keep from this court any clear understanding of the merits of the controversy. Sufficient however appears, so that we can gather that there was an organized irrigation district under the laws of this state, named the Yellow Jacket Irrigation District, with M. M. Nay, John Summer, Jr., and James E. McKinnis constituting its board of directors. That this corporation employed by written contract the defendant in error, as its engineer. The duties and compensation of such engineer were: "to make and perform and to furnish all the labor and services, professional and otherwise, also all material necessary, incidental and pertaining to engineering work, as shall be necessary to estimate the cost of The Yellow Jacket Irrigation ditch or canal, also as shall be necessary to determine the number of acres subject and susceptible of irrigation within the said district and included therein, and to determine and establish definitely the boundaries of said The Yellow Irrigation District, and to furnish to the said district an estimate of the cost, on or before December 1, 1910, of said canal or water system complete, including water rights, and all things, expenses, costs, necessary for a complete water system of irrigation, and the cost per acre for each acre within said district. And the party of the first part covenants and agrees to pay to the said party of the second part thereof four (4) per cent of the cost or estimated cost of the water system of The Yellow Jacket Irrigation District."

That the plaintiff below contends that he performed the services required by this agreement and that by reason thereof he was entitled to receive from the defendant the sum of $8,000 in District Warrants for such services under the terms of the agreement.

That his services and report thereof were approved and accepted by the corporation. That warrants were

issued to the plaintiff in the total sum of $4,160 in part payment of his services, but that the corporation and its officers refused to deliver such warrants thereafter to the plaintiff.

Further, that the corporation and its officers refused to issue or deliver warrants for the additional sum due under the contract in the total sum of $3,840.

This much appears from the petition for an alternative writ of mandamus. This petition is a marvel of its kind and sets out what is presumably intended to be the evidence in the case in great detail, including copies of the minutes of the meetings of the board of directors of the corporation.

After service of the alternative writ, the individual defendants as directors, filed an answer or return to the writ. This answer in the matter of detail and in the pleading of evidence, is as remarkable as the petition. The court, presumably because of objections to the method of signing the answer or in not signing it at all, and because of the form and method of verification, upon motion of plaintiff entered an order striking the answer from the files, but permitting defendants to file an amended return.

This was done accordingly and thereafter upon motion of plaintiff the amended answer was stricken from the files and the defendants denied the right to file another or amended answer.

The action of the court in this respect was inexcusable, for the defendants were thereby denied their day in court. While the answer or return, as well as the petition, were clearly subject to motions to strike many portions thereof, and to make more specific and certain, there was no sufficient reason to strike either pleading as a whole.

The record discloses a labyrinth of motions, demurrers, motions to strike motions, and other like pleadings, but it can serve no good purpose to discuss them, for it would be a waste of the time of the court, and to do so would exhaust a volume of our reports.

The case was finally disposed of upon a motion of the plaintiff for judgment on the pleadings. This judgment was rendered without a hearing, and without proof, save and except upon the question of damages, which are based upon the report of a referee. This was clearly error, and of itself compels a reversal of the judgment.

This question was fully discussed and determined in the case of *Parr v. Sexson,* 56 Colo. 491, 138 Pac. 7687, where Mr. Justice Bailey, speaking for the court, said:

"The record here affirmatively shows that a default was entered against the defendant, and that a judgment thereon without a hearing or the taking of testimony was awarded, making the alternative writ peremptory, and entering a money judgment as for damages against the defendant for $50.00. Such default judgment was entered in direct conflict with the specific provision of the code, that the writ shall not be granted by default, and that in mandamus the case shall be heard by the court or judge whether the adverse party appear or not, and was therefore improper and unwarranted. For this reason the judgment must be reversed."

It was held by the court of appeals, when this case was there pending, that the corporation was not a party to the suit.—*Yellow Jacket Directors v. Wessels,* 21 Colo. App. 457, 122 Pac. 400. Just how the matters involved here can be fully or finally determined without making the corporation a party to the action is not plain.

The judgment is reversed and the cause remanded with instructions to the court to permit the parties to make the corporation a party to the proceeding, with

proper notice, and to amend the pleadings as they may be advised, and to try the cause upon its merits.

MUSSER, C. J. and HILL, J., concur.