No. 14,940.

AGE PUBLISHING COMPANY ET AL. *v.* BECKER.
(134 P. [2d] 205)

Decided February 1, 1943.

Mr. O. Otto Moore, for plaintiffs in error.

Mr. EDWARD R. MOYLAN, Mr. JOHN L. ZANONI, Mr. HUGH M. WOODS, JR., for defendant in error.

320

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error, to whom we hereinafter refer as Becker, sought and obtained a peremptory writ of mandamus requiring plaintiffs in error to transfer on the books of the Age Publishing Company, a corporation, hereinafter designated as the corporation, one share of stock of said corporation which Becker had purchased from one P. A. Spickard, and to issue to him a proper certificate therefor. The corporation filed an amended answer, including as a part thereof a general demurrer to the alternative writ, which demurrer was overruled. Becker filed a general demurrer to the amended answer, which was sustained; whereupon the corporation elected to stand upon its amended answer. Evidence was taken on the allegations set forth in the affidavit supporting the alternative writ, following which the writ was made peremptory. The corporation seeks reversal on a writ of error.

The argument of counsel for the corporation in support of the request for a reversal is predicated upon a restriction which was adopted by the board of directors, which is set out in the amended answer and is as follows: "(b) On the 19th day of August, 1939, said respondents, who constituted the Board of Directors of said Publishing Company, and who were the sole and only stockholders in said corporation, at a meeting of the Directors of said corporation, by resolution unanimously adopted, authorized the sale of one thousand (1,000) shares of stock in said Publishing Company for the sum of Five Dollars ($5.) per share, and said resolution expressly provided that said stock should not be sold to the general public and that only persons who were at that time members in good standing of the National Annuity League, Inc., of Colorado, a non-profit corporation, could become the purchasers of any of said

stock." It was further alleged in the amended answer that Becker was not a member of the Annuity League; that he had "full personal knowledge of the restriction" at the time he purchased the certificate, and that he obtained the same solely for the purpose of harassing the company and destroying its business by assisting "powerful financial forces in opposing the social measures advocated by the" corporation.

The trial court sustained the demurrer to the amended answer on the ground that the corporation had failed to comply with sections 6-4(c) and 100 of chapter 41, '35 C.S.A., which read, respectively, as follows:

"Section 6. The certificate of incorporation shall set forth: * * * 4. (c) a statement of all or any of the designations and the powers, preferences and rights, and the qualifications, limitation or restrictions thereof, in respect of any class or classes of stock of the corporation. * * *"

"Section 100. There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-law of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

It is conceded that there was no compliance with either of these provisions of the statute by the corporation, but it seeks to evade the effect of the omission by arguing that the restriction is reasonable and that therefore the corporation has inherent power to adopt and enforce it. To sustain its position in this behalf, it relies particularly upon two Colorado authorities and one Indiana case. As to the Colorado cases, *Cook Railway Signal Co. v. Buck,* 59 Colo. 368, 149 Pac. 95, and *Sterling Loan & Inv. Co. v. Litel,* 75 Colo. 34, 223 Pac. 753, we simply say that both were decided before the statute, supra, was passed. The Indiana case, *Doss v. Yingling,* 95 Ind. App. 494, 172 N.E. 801, presents the issue on an

identical statutory provision, i. e., section 100, supra, and while the decision, which upholds the transfer of a stock certificate which did not contain a restriction in printing thereon in conformity with the statute, is persuasive, it is based concededly upon a different state of facts than those before us. Yingling was president of the corporation and had entered into a written agreement with the other stockholders, which agreement was a part of the consideration for the purchase of stock and provided that none of them would transfer any stock without giving the others a ten day option to purchase. The court refused to permit him to invoke the statute as an excuse for violating his agreement. Of the 500 shares of stock in the corporation, Yingling held 290.

In the case at bar the corporation was capitalized at "10,000 shares without nominal or par value." The resolution offered only 1,000 shares to the members of the National Annuity League. How much was sold and to whom, we are not advised, and we think it wholly immaterial. We mention it only to refute counsel's implied suggestion that a man buying one share with knowledge of the restriction brings this case within the law as announced in the Indiana case.

We do not pass upon the question of the reasonableness of the regulation or restriction. The trial court was fully justified in sustaining the demurrer to the amended answer on the ground that the corporation had failed to comply with the statute. We deem it unnecessary to discuss other assigned errors.

The quotation of counsel for the corporation from *Dines v. Harris,* 88 Colo. 22, 291 Pac. 1024, to the effect that the 1927 Act may not always be controlling will be considered when and if circumstances disclosed in that case arise in connection with the parties here.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur.