## TOWNSEND v. FULTON IRRIGATING DITCH COMPANY.

1. MANDAMUS, REMEDY BY, LIMITED.—The writ of *mandamus* is not an appropriate remedy to secure a *perpetual* right to the use of water for irrigation.
2. MANDAMUS; WHEN COURTS SHOULD BE LIBERAL IN PLEADING AND PRACTICE.—Proceedings by *mandamus* to compel the delivery of water for irrigation are necessarily somewhat summary in their nature; to be effective the relief must be immediate; and to this end trial courts should be liberal in matters of pleading and practice.
3. TRIAL COURT—QUESTIONS OF FACT.—Trial courts, by seeing and hearing the witnesses, enjoy superior advantages for weighing the evidence and determining questions of fact.
4. REVIEW—LIMITED TO BRIEF AND ARGUMENT.—In general, it is inexpedient and contrary to good practice to attempt to review a cause, except so far as counsel give assistance by brief and argument.

*Appeal from District Court of Arapahoe County.*

MANDAMUS proceeding in the district court to compel the delivery of water for irrigation. The alternative writ was issued in favor of the petitioner Townsend. But on final hearing the finding and judgment were in favor of the defendant company. The petitioner appeals.

Mr. C. W. COVER, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This appeal is entertained, as in the case of ·Combs v. The Agricultural Ditch Company, decided at this term. The right of appeal not having been questioned, this case is not to be considered a precedent upon that question.

The petitioner as owner of certain agricultural land avers that he " is desirous of procuring a perpetual right to use and take water to irrigate said land, and particularly the right to use and take water for the cultivating season of 1888, from said (defendant's) ditch." The prayer of the petition is to the effect, that the court grant a writ of mandamus compelling the ditch company, its officers and agents, to accept certain money tendered for a certain quantity of water for the season of 1888 and to furnish such water to petitioner perpetually, and particularly for the season of 1888, etc.

It is scarcely necessary to say that the writ of mandamus is not an appropriate remedy to secure a perpetual right to the use of water for irrigation. According to the averments of the petition the right of petitioner to water from the defendant's ditch for the irrigation of his land could, at most, be only an annually recurring right dependent, among other things, upon an annual tender of the price. This was expressly held in the case of Wheeler v. N. C. Irrigating Co., 10 Colo. 596, and again in the case of Combs v. The Agricultural Ditch Co., post, 146.

The petitioner based his claim upon the constitution and upon the act of 1877, sec. 87, chap. 19, Gen. Laws; 1 Mills' Ann. Stats., sec. 570. The provision reads as follows: "Any company constructing a ditch under the provisions of this act shall furnish water to the class of persons using the water in the way named in the certificate, in the way the water is designated to be used, whether miners, mill-men, farmers, or for domestic use, whenever they shall have water in their ditch unsold," etc.

Proceedings in cases of this kind are necessarily somewhat summary in their nature; to be effective the relief must be immediate; and to this end the trial courts should be liberal in matters of pleading and practice lest the crops of the farmer burn while counsel contend over legal technicalities. It was proper, therefore, that the averments and prayer concerning petitioner's alleged perpetual right should have been treated as surplusage, and that his claim to water from defendant's ditch for the season of 1888 should have been adjudicated upon its merits.

The trial court having determined adversely to petitioner's claim, this court is powerless to give substantial relief in the present action for the reason, as above stated, that the irrigating season of 1888 has passed. The only benefit petitioner can gain by this appeal is to secure a further declaration of the law upon the subject of irrigation, and relief from costs. To accomplish the latter result, he must, under the rules regulating appellate proceedings in this court, show affirmatively that the trial court committed error affecting his substantial rights.

The transcript and bill of exceptions in this case contain over a thousand folios of written, type-written and printed matter. To this record appellant has filed twenty-four assignments of error. Very few of these assignments are sufficiently specific to enable us to find in the record the matters complained of; the printed abstract, brief and argument filed in behalf of appellant are very meager, and aid but little in pointing out the supposed errors; besides, we have not had

the benefit of oral argument. In general, it is inexpedient and contrary to good practice to attempt to review a cause except so far as counsel give their assistance by brief and argument. The circumstances of this case furnish no exception to such rule.

A careful examination of the record, so far as the matters properly assigned for error are discussed in the briefs of counsel, fails to show that the court committed any error affecting the substantial rights of petitioner. The cause appears to have been fairly tried and determined upon its merits. The trial court, by seeing and hearing the witnesses, enjoyed superior advantages for weighing the evidence and determining the questions of fact involved in the controversy. No reason has been shown why its finding should be disturbed. Fortunately for the petitioner, the adjudication, as we have seen, is limited to petitioner's claim to water for the season of 1888 and to costs.

It is unnecessary to discuss further the questions of law involved in the record. The opinions in the following cases, some of which have been announced since this appeal was taken, discuss and decide the important questions presented by this appeal: *Golden Canal Co. v. Bright*, 8 Colo. 144; *Wheeler v. N. C. I. Co.*, *supra ; Farmers' High Line Co. v. Southworth*, 13 Colo. 111; *Combs v. Agricultural Ditch Co.*, *supra*, and perhaps other cases. The judgment of the district court is affirmed.

*Affirmed.*