[No. 5485.]
[No. 3155 C. A.]

AGRICULTURAL DITCH COMPANY ET AL. v. ROLLINS.

Water Rights—Mandamus—Grounds—Performance of Impossible Acts.

Petitioner sought by mandamus to compel a ditch company to transfer shares of stock to him, and to deliver the quantity of water to which such shares entitle him during the irrigation season of a designated year.   Held, that a judgment awarding the writ, rendered after the expiration of the irrigation season for the designated year, is erroneous, under the rule that courts do not order performance of impossible acts.—P. 269.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Peter L. Palmer, Judge.*

Mandamus by Robert P. Rollins against the

Agricultural Ditch Company, a corporation, Charles Hallack and Henry Lee, to compel respondents to transfer certain of the company's capital stock to relator, and to deliver to him during that irrigation season a quantity of water. From a judgment awarding the peremptory writ, respondents appeal.

*Reversed and remanded.*

Mr. J. W. BARNES, for appellants.

Mr. WILLIAM YOUNG and Mr. C. L. DICKERSON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The appellee, Robert P. Rollins, as petitioner, sought by writ of mandamus to compel the respondent ditch company and its officers to transfer upon its books four shares of its capital stock, which he had acquired by purchase, and to deliver to him during the irrigation season of 1903 the quantity of water to which these shares of stock in the company entitled their owner. From a judgment awarding the peremptory writ, the respondents appealed.

The alternative writ states that the respondent ditch company is a mutual benefit company, organized under the laws of this state solely for the purpose of carrying and delivering to its stockholders water for irrigating their lands, and is in no sense a carrier of water for sale, rent, hire, or profit, otherwise than to its stockholders and at such charges as are necessary, the amount to be ascertained by its officers, to defray the actual expenses necessary or incidental to the keeping up of the ditch. It is alleged that the petitioner tendered to the proper officers of the company such charges for the year 1903 to be paid by him, and demanded of them an immediate delivery of water to irrigate his lands, which then were in need

thereof for growing crops; but they refused either to transfer the stock or deliver the water, and the alternative writ commanded them to do so on or before June 2, 1903, or show cause why they should not.

To the alternative writ, the respondent company and its officers filed an answer, in which they said that this stock which plaintiff purchased was delinquent for various amounts due thereon to the respondent company by the former owner, and that petitioner refused to pay the same, although he knew of such delinquency at the time of his purchase; and respondents say that, until such arrearages are paid, defendant is not entitled to receive water to irrigate his lands during any irrigating season.

The respondents further claim that a writ of mandamus will not be granted to compel a private corporation to transfer stock upon its books, because the petitioner has an adequate remedy for damages against its officers if they wrongfully refuse to make the transfer. As to the question of the remedy, the authorities are in conflict.—*Butterfly-Terrible Gold Mining Co. v. Brind,* 41 Colo. 29.

We do not find it necessary to determine that question, or whether the facts set up in the answer to the alternative writ were proved, and if so, whether they constituted a defense. The trial court found the issues both of law and fact in favor of petitioner, and awarded the peremptory writ. The hearing was had at the close of the year 1903, but final judgment awarding the peremptory writ was not rendered until May, 1904, long after the expiration of the season of irrigation for the year 1903. This judgment was manifestly improper. The object of petitioner was not to secure a decree establishing in him a perpetual water right; but the most that he can claim is that his object was temporary

relief, to secure a delivery to him of water during the irrigating season of 1903. Courts do not order performance of impossible acts, and the award of a peremptory writ in 1904 to compel the delivery of water during the year 1903 is impossible of fulfillment.

That a judgment, such as was entered here, is wrong, has been expressly ruled by this court in *Wheeler v. Northern Colo. Irr. Co.,* 10 Colo. 582, 596; *Townsend v. Fulton,* 17 Colo. 142, and *Combs v. Agricultural Ditch Co.,* 17 Colo. 146.

Since the proceeding by petitioner was to obtain relief for a particular year, nothing could be gained by him by a new trial. The judgment, therefore, should be reversed and the cause remanded with instructions to the district court to permit petitioner to dismiss his action without prejudice.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.