[No. 5884.]

CITY AND COUNTY OF DENVER ET AL. v. BROWN ET AL.

1. **Supreme Court—Jurisdiction**—An actual controversy is an essential requisite of appellate jurisdiction. It is not within the province of an appellate court to decide abstract or hypothetical questions, upon the determination of which no relief is to be granted and no practical result to follow.—(514)

2. **Appeals—Dismissal**—A decree directed that defendant should deliver water to plaintiff, during a specified season, at the rate of one dollar and twenty-five cents per inch; it was stipulated by the parties that plaintiffs might deposit in court two dollars for each inch desired during that season, that one dollar and twenty-five cents should be withdrawn by the city, and the residue of the deposit remain to answer the final determination of the cause on appeal. The decree directed that when the judgment became final, by affirmation, or by the failure of the city to prosecute an appeal, seventy-five cents for each inch of water should be refunded to the defendants. Held, that the city, having performed the decree as to the delivery of the water, there remained nothing to appeal from; that jurisdiction would not be retained to determine the right of the plaintiffs to the deposit. The appeal was dismissed without prejudice to the right of the parties to litigate, in other proceedings, the questions presented.—(515)

*Error to Denver District Court.*—Hon. FRANK T. JOHNSON, Judge.

Messrs. ALLEN & WEBSTER, and Mr. HENRY A. LINDSLEY, for plaintiff in error.

Mr. HENRY C. ALLEN, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Defendant in error brought suit against plaintiffs in error to compel the latter to supply them with water from the city ditch, for the purposes of irrigation, during the season of 1905. From a judgment in favor of some of the plaintiffs, the defendants have brought the case here for review on error.

(33)

The proceedings must be .dismissed.    The judgment of the trial court was to the effect that the defendants should carry and deliver water to the plaintiffs in whose favor judgment was rendered, during the irrigation season of 1905, at the rate of $1.25 per inch.    If the court erred in rendering the judgment it did, nothing would be gained by granting the defendants a new trial in a case which involves nothing more than the right to water for a season that has passed.    A judgment of this court on that question could not affect the rights of either of the parties at this time.    Whatever they may have been when the original suit was instituted, and the judgment below rendered, cannot, in the circumstances of this case, avail either party now, for the obvious reason that the subject-matter of controversy has ceased to exist.

The existence of an actual controversy is an essential requisite to appellate jurisdiction, and it is not within the province of an appellate court to decide abstract or hypothetical questions disconnected from the granting of actual relief, or from the determination of which no practical result can follow.—*Wheeler v. Northern Colo. I. Co.,* 10 Colo. 582; *Townsend v. Fulton I. & D. Co.,* 17 Colo. 142; *Combs v. Agricultural D. Co., id.* 146; *Agricultural D. Co. v. Rollins,* 42 Colo. 267; *Northern Colo. I. Co. v. Pouppirt,* decided at the present term; 2 Cyc. 533.

In the court below it was stipulated by the parties that such of the plaintiffs as desired might deposit with the court the sum of $2.00 per inch, for water for irrigation from the city ditch for the year 1905, with the understanding that $1.25 per inch of such deposit could be withdrawn by the city and county of Denver, the remaining seventy-five cents per inch to remain on deposit until the final determination of the cause in the trial court, and in this

court, if the cause was brought here for review upon appeal or error by either party. By the judgment rendered it was provided that the money so paid into the hands of the clerk of the trial court should, when the judgment became final, by affirmance upon appeal or writ of error, or by reason of no appeal or writ of error being taken therefrom, be refunded to each of the parties paying such moneys into court, to the extent of seventy-five cents on each inch; but as to the remainder thereof, namely, the sum of $1.25 per inch, it was provided that it should remain in the hands of the clerk or under his control for the use and benefit of the defendants, to be paid over to them or order at any time, upon demand.

At the oral argument it was suggested that because of the stipulation above referred to, and the judgment in accordance therewith, that plaintiffs in error are entitled to have the judgment of the trial court reviewed for the purpose of determining whether or not they are entitled to the seventy-five cents per inch left on deposit with the clerk. The city has withdrawn the $1.25 per inch, and presumably has furnished the water which the court adjudged should be carried and delivered to the plaintiffs in consideration thereof. In other words—it has satisfied the final judgment of which it complains, so that there is no longer any subject-matter of controversy between the parties, nor can either gain or lose by a reversal or affirmance of the judgment. True, the seventy-five cents per inch still remains on deposit with the clerk, but whether or not the defendants are entitled to that money would depend upon the result of the review of that judgment by this court; but as it has been satisfied and complied with, it is no longer the subject of review. Hence, the incidental matters connected therewith are not reviewable. This court is only authorized to review

final judgments. Mere orders embraced therein are only reviewable in connection therewith.

The proceedings will be dismissed without prejudice to the rights of the parties to litigate in an appropriate proceeding the questions attempted to be presented.         *Writ of error dismissed*
                                    *without prejudice.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.