[No. 5900.]

## THE NORTHERN COLORADO IRRIGATION COMPANY v. POUPPIRT.

1. **Writ of Error—Dismissal**—A writ of error brought to review a judgment in mandamus directing the delivery of water to the relator, for and during a season which has long since elapsed, will be dismissed without prejudice. A clause of the judgment directing payment into court of a certain royalty, to be delivered to the defendant, upon a condition dependent on the final result, does not affect the question.—(493)

2. **Mandamus—When Proper—Defenses**—A right asserted to the perpetual use of water for irrigation cannot be established in mandamus proceedings.—(493)

Upon proceedings in mandamus instituted to compel an irrigating corporation to furnish water to a consumer at the rate of compensation prescribed by an order of the county commissioners, the defendant may not plead a contract of the relator to pay a greater rate.—(493, 494)

3. **Judgment—Collateral Assault**—The order of the board of county commissioners prescribing the rate at which water shall be furnished by an irrigating company, cannot be collaterally assailed or questioned in a proceeding in mandamus, brought to compel obedience to such order.—(494)

*Error to Adams District Court*—Hon. FRANK T. JOHNSON, Judge.

Mr. HUGH BUTLER, for plaintiff in error.

Mr. J. WARNER MILLS, and Mr. HENRY C. ALLEN, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action of mandamus to compel defendant to carry in its canal and deliver to plaintiffs water for irrigating their agricultural lands. To the judgment awarding the peremptory writ defendant prosecutes error. As the application was on notice, the alternative writ of mandamus was not granted, and upon final hearing the peremptory writ issued in

the first instance.  The petition for the writ alleges, in substance, that plaintiffs are owners of agricultural lands which lie under defendant's canal, and sets up facts which plaintiffs say constitute them appropriators of water from the Platte river, and which make defendant a *quasi* public carrier for hire and charged with the duty to carry in its canal and deliver to the respective consumers thereunder the quantity of water belonging to them on payment of the legal charge therefor.  For our present purpose we shall treat the petition as sufficiently alleging these ultimate facts.  The petition then states that in the appropriate statutory proceedings provided for such purpose, before the proper board of county commissioners, to which defendant was a party and in which it appeared, a determination was made and an order entered compelling defendant to carry and deliver to its consumers water at the rate of $1.00 per acre during the irrigating season of 1905, instead of $1.75 per acre, which it had theretofore charged them and proposed to continue to exact; which order and adjudication are still in full force and effect; that plaintiffs respectively have tendered to defendant this legally fixed charge for the carriage and delivery of water during such season, which defendant has refused to accept.  After defendant's motion to dismiss, based upon various grounds, was denied and its demurrer overruled, defendant filed an answer denying generally the material allegations of the complaint and, in a separate defense, alleged, in substance, that plaintiffs' asserted constitutional and statutory right to have defendant carry and deliver to them water at the rate fixed by the board of county commissioners was surrendered and relinquished by virtue of a certain contract, which is set forth *in extenso,* which the parties voluntarily made and by which alone their rights in controversy

are to be determined, whereby plaintiffs agreed to, and are bound to, pay, before defendant is required to carry and deliver water, the contract price or charge of $1.75 per acre during each irrigation season.

The trial court on final hearing found the issues for plaintiffs, that the contract pleaded was null and void, and that the charge for carriage is that fixed by the board of county commissioners, and thereupon granted the peremptory writ commanding defendant to carry and deliver during the season of 1905 the respective designated quantities of water to the different plaintiffs upon the payment, or tender of payment, of the rate of $1.00 per acre.

Numerous questions are raised and argued by counsel which, in the view we take of the case, are not involved and should not be here decided. While it does appear by some of the averments and the prayer of the complaint that plaintiffs are asking a decree establishing in them a perpetual right to the use of water, these averments may properly be, and were below, treated as surplusage.—*Townsend v. Fulton Irr. Ditch Co.,* 17 Colo. 142; *Combs v. Agricultural Ditch Co.,* 17 Colo. 146; *Agricultural Ditch Co. v. Rollins,* 42 Colo. 267. That the trial court so regarded them is apparent from its writ, which limited the relief to the single irrigating season of 1905.

The mandate of the peremptory writ has, or has not, been performed. If it was performed by defendant, as stated by counsel for plaintiff at the oral argument and not denied, defendant is not in a position to have a decision, upon this review, of the questions litigated and determined below. If the writ was not complied with, even if defendant is entitled to a reversal of the judgment, any order as to the merits that could be made here would be either use-

less or impossible of performance. The irrigation season of 1905 has long since passed and it would be absurd now to make an order either denying or granting the writ prayed for. In addition to cases cited see *Wheeler v. N. C. I. Co.*, 10 Colo. 582, 596-7. The circumstance, which is a mere incident in the course of the trial, that plaintiffs were required, by an order of court, to deposit with the clerk a sum equal to $1.75 per acre, all, or part of which, was to be delivered to defendant, depending upon what the final determination was, does not affect this conclusion, or entitle either party to a review of the main questions sought to be raised here. This was expressly decided at this term in *City and County of Denver et al. v Brown et al.*, *post*, p. 513. We might say upon the authority of the *Townsend case*, fortunately for the defendant, the adjudication is limited to the petitioners' claim for water for the season of 1905 and for costs. For the reason given we shall modify and affirm the decree. In doing so it is proper to observe that, in a mandamus proceeding, a perpetual right to the use of water for irrigation is not the subject-matter of adjudication. With respect to the fixing of the rate by the county commissioners we also remark that the defendant here was a party to that statutory proceeding and the adjudication of the board cannot be collaterally attacked in this mandamus action, as apparently defendant tried to do below. So long as that adjudication continues in force, or until relief therefrom in some appropriate proceeding is afforded, the defendant must comply therewith and carry and deliver water in accordance with the rate thereby fixed.

It was wrong also for the trial court, in this action, to determine the rights of the parties under the contract pleaded. Its decision is therefore set aside on that issue. As we have said, the adjudica-

tion of the board of commissioners, until it is otherwise judicially determined, measures the rights of these parties as to the rate for carrying and delivering water. It is true that defendant interposed this defense and asked to have a decree determining that plaintiffs must pay the contract charge rather than that fixed by the county board. In one point of view it might be said that, having invoked the decision, it should be bound by it, though unfavorable. Defendant does not now complain that this action did not afford the proper remedy for the adjudication, but that the point was not well decided. We think, under our practice, this issue was not properly triable in a mandamus action, and, though the parties consent, we will not permit the practice, followed below, to gain a foothold in this jurisdiction. If the defendant company is dissatisfied with the rate as fixed by the county board, we have already held it cannot obtain relief in the pending action. If the rate is confiscatory, in an equity suit its enforcement might be enjoined, as was done in the case of *Montezuma County v. Montezuma W. & L. Co.*, 39 Colo. 166. If the plaintiffs have, by reason of a contract, lost, or waived, their constitutional and statutory right to have the carriage rate fixed by the board of county commissioners, defendant must, in some other, and proper, action or proceeding, obtain a decree so declaring. Until it does so, or until it is properly relieved of the burden of complying with the statutory adjudication fixing the rate, it must carry and deliver water in accordance therewith. As the only object of this action was to require a carriage and delivery of water for the one season of 1905, and, for the reasons above indicated, another or different order should not now be entered here modifying or changing the order of the trial court awarding the permanent writ, the decree is modified by omitting there-

from the determination concerning the alleged contract rights of the parties, and as so modified it is affirmed, without prejudice to the rights of the parties under the contract set up in defendant's answer, which rights will remain the same as before the decision below, and subject to future determination in an appropriate action. The cause will be remanded to the district court to modify its decree accordingly.

*Modified and affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.

Opinion filed February 7, A. D. 1910; rehearing denied April 4, A. D. 1910.