## No. 11,679.

PEOPLE EX REL. DENVER, ET AL. *v.* DISTRICT COURT OF THE SECOND DISTRICT.

Decided February 21, 1927. Rehearing denied March 28, 1927.

Action in prohibition. On motion to discharge rule to show cause.

### Rule Discharged.

1. PROHIBITION—*Jurisdiction.* Prohibition does not lie if the trial court has jurisdiction.

2. MANDAMUS—*Operation of Writ.* Writ of mandamus to compel the delivery of water for irrigation, held to be continuous, the court retaining jurisdiction to enforce obedience if and whenever the writ was violated, and not restricted to the one year in which it was issued.

3. *Writ—Operation.* Mandamus lies to compel the performance of a single act, and may also be invoked to require the execution of a series of acts.

4. *Final Judgment.* A mandatory writ of mandamus operates as a final judgment and is res judicata.

5. *Presumption.* Where a writ of mandamus is issued to compel the continuous performance of an act, the presumption is that the situation remains unchanged, but the presumption is rebuttable.

6. *Alias Writs.* Alias peremptory writs of mandamus may issue in proper cases.

7. APPEAL AND ERROR—*Prohibition—Writ of Error.* Prohibition may not take the place of a writ of error.

### Original Proceeding.

Mr. HENRY E. MAY, Mr. MILNOR E. GLEAVES, for petitioners.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for respondents.

*En Banc.*

Mr. Justice Adams delivered the opinion of the court.

Original proceedings in this court, on a petition for writ of prohibition, brought upon the relation of the City and County of Denver, Stapleton, mayor, and other officers of the municipality, to restrain the district court of the Second Judicial District, and others from taking any further proceedings in the matter of Henry Buche, et al., against the City and County of Denver. We issued a rule to show cause, and respondents move that it be discharged.

The Buche suit, here sought to be restrained, was in mandamus. Buche and his co-plaintiffs are residents, property owners and water users in what was formerly the town of Barnum, which was afterwards annexed to the City and County of Denver. The court docket shows the following: July 1, 1920, petition by Buche for himself and others similarly situated, filed in district court in Denver, praying for writ of mandamus against the City and County of Denver and certain of its officers, to compel the delivery of water under contract, and on the same day an alternative writ issued. January 28, 1921, respondents answered the writ. March 24, 1921, agreed statement of facts filed. July 19, 1921, peremptory writ of mandamus issued. July 13, 1926, petitioners, Buche et al., filed petition for an order of court substituting, as parties respondent, present city officials and commissioners of Denver, for those in office in 1920 or 1921. July 13, 1926, order of substitution granted ex parte and without notice to respondents. July 15, 1926, petition for citation for contempt filed. Same day, citation issued against city and present city officials and commissioners. July 22, 1926, respondents filed motion to quash citation for contempt. Motion heard on same day and overruled, but the court declined to proceed further in contempt unless and until the new officials,

substituted for the old, had been personally served with the peremptory writ issued in 1921. Thereupon petitioners were given until July 26, 1926, to elect as to what steps they would pursue. July 26, 1926, petitioners presented to the court for signature and issuance, an alias peremptory writ of mandamus. It was signed and issued the same day, returnable on or before September 9, 1926, and served on all respondents except one. The above is all that has been done in the district court to date.

On September 1, 1926, before the return day fixed in the alias peremptory writ of mandamus, respondents, the city, city officials and commissioners, brought an original action in the supreme court to prohibit respondents, consisting of the district court and Buche et al., from proceeding further in the above. We are now considering the prohibition case on a motion of respondents to discharge the rule to show cause that we issued against them.

The town of Barnum was organized in 1887 and annexed to Denver in 1896. The peremptory writ issued in July, 1921, recites at length the history of the case to that time, defines the rights of the parties, and directs the City and County of Denver and its officials what to do. It shows that the Barnum lot owners had enjoyed the water service for many years prior to the annexation, and thereafter from 1896 to 1919, at which time the Denver officials refused to continue it longer, and that relators were entitled to it. The city contends that the 1921 mandate was to compel water service for one season only, and that when the city officials obeyed the order once, the judgment was satisfied, the case closed, and the jurisdiction of the court ended. The Barnum water users, on the contrary, claim that they have a continuous right, that the city is charged with a continuous duty, and that the court has retained jurisdiction to see that it is performed.

1. Prohibition does not lie if the trial court has jurisdiction. *People v. County Court,* 77 Colo. 172, 235 Pac.

370; *People v. Morley,* 72 Colo. 421, 211 Pac. 643. The trial court's jurisdiction is dependent upon whether the mandamus order issued in 1921 was for that year only, and the writ became functus officio when then complied with, or, on the other hand, whether the final writ involved continuous delivery and consequent retention of jurisdiction to enforce obedience if and whenever violated. We think the latter is the case. It seems plain that the intent of the peremptory writ issued in July, 1921, was to require the delivery of water to the Barnum lot owners from season to season, during the existence of their right to its use, which, as far as we are informed by the record, is the same now as then. The writ shows that they are entitled to a continuance of the service.

2.   Authorities are produced by counsel for the city in an effort to show that mandamus will compel the performance of only a single act, but they are cases where it is apparent that the writ was intended to operate in only one irrigation season. Thus, in *Northern Colo. Irrigation Co. v. Pouppirt,* 47 Colo. 490, 108 Pac. 23, at page 494 of the opinion it is stated that ''The only object of this action was to require a carriage and delivery of water for the season of 1905.'' It would be impossible to establish an inflexible rule to determine when a single act or series of acts should be ordered in the same proceeding. In the case before us, Denver acquired the Barnum water, the right to the use of which the Barnum residents had enjoyed for many years. Denver took it for distribution at Barnum, and did distribute it equitably for at least twenty-three years before the 1921 writ was issued, furnishing an employe for the purpose, then suddenly quit without just excuse and rented the water to farmers. It is alleged that the city quit again in 1926 without right. The water rights are appurtenant to the Barnum lots, by contract, and the water is needed every year. It was agreed in the purchase of all or a part of the water that it should be used there only. The water was for the irrigation of gardens and fruit trees,

as well as shade trees along the streets. One might be permitted to observe that such trees are perennial plants, and not an annual crop. The water was to be delivered without charge to the consumers, the expense to be defrayed from the municipal revenues of Barnum, and afterwards of Denver. The supply was for a community of people. Whether one of the conditions mentioned, standing alone, would be sufficient to indicate a requirement for continuous service, we need not say, but taken together, with matters apparent from the record, a mandate directing delivery of water for a single season would be administering justice by piecemeal, if it subserved justice at all. Mandamus lies to compel the performance of a single act, but may also be invoked to require the execution of a series of acts. 13 Ency. Pl. & Pr. 505; 38 C. J. 603.

The parties had their trial in 1921, and cannot go back of it. The contents of the peremptory writ then issued are conclusive in determining their rights at the time. It operated as a final judgment. 1921 Code, § 352. And is res judicata. 13 Ency. Pl. & Pr. 504. The presumption is that the situation remained unchanged, but this is rebuttable. Alias peremptory writs may issue in proper cases. 13 Ency. Pl. & Pr. 504. And to a successor in office. High's Extraordinary Legal Remedies, § 38. But in a matter of this kind if the city or its officers have a meritorious defense only as to matters arising subsequent to the 1921 judgment, they should be permitted to show it in the pending case.

It is too late to attack the 1921 peremptory writ. The parties will not be allowed to re-litigate those issues. Prohibition may not take the place of a writ of error. *People ex rel. v. District Court,* 74 Colo. 40, 218 Pac. 745.

Since the trial court has jurisdiction, the rule to show cause will be discharged.