No. 12,844.

Terrace Irrigation District et al. *v.* Braiden.
(19 P. [2d] 756)

Decided February 27, 1933.

Mr. George M. Corlett, Mr. Claude W. Corlett, Mr. D. E. Newcomb, for plaintiffs in error.

Mr. Ralph L. Carr, Mr. J. H. Thomas, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

At the close of the hearing in this case the trial court

rendered an opinion in which are fully and fairly stated the issues involved and a recital of the facts of the controversy as it found them to be. The opinion states that this is a mandamus action under the provisions of our Code of Civil Procedure, growing out of the following facts: In 1906, the La Jara Meadows Land and Reservoir Company, a corporation, which was the owner of certain so-called irrigation water rights, gave to the state board of land commissioners of the state of Colorado a deed thereof which recites that the grantor "has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto the said party of the second part, and to its successors, assigns and grantees, water for domestic and irrigation purposes, in amounnt equal to one acre foot for each acre of 147.1 acres of land, or 6,407,676 cubic feet of water during each irrigation season forever hereafter. Said water to be carried and delivered upon such land or lands of the State of Colorado or its grantees, in the County of Conejos, Colorado, as shall hereafter be selected and designated by said State Board of Land Commissioners, and when such selection shall have been made, the description thereof as to section, range and township shall be certified to said first party by said second party whereupon said water shall be delivered but not to exceed 6,-407,676 cubic feet of water each season. · Said first party is to construct in said County and State, its reservoir, canal and lateral system in such manner as to enable it to deliver, and it hereby agrees to deliver said amount of water to the land or lands hereafter selected, designated and certified, or to such point on or adjacent to such land or lands, as will enable the user of said water to distribute said water over said land, or *such other land or lands as shall or may be selected,* designated and certified, which shall or may be subject to its system. To have and to hold, the said amount of water for domestic and irrigation purposes, unto the said party of the second part, its assigns and grantees forever." Thereafter

and on September 17, 1926, the said state board of land commissioners conveyed to the petitioner herein, W. A. Braiden, all the right, title, interest, claim and demand which the said state board had in and to the following described water right, situate, lying and being in the county of Conejos and state of Colorado, to wit: A water right in the La Jara reservoir, being the water right hereinafter mentioned, in amount equal to one acre foot for each acre of 147.1 acres of land or 6,407,676 cubic feet of water during each irrigation season forever hereafter as deeded and described in water deed of Meadows Company to the state board of land commissioners, executed on the 23rd day of October, 1906. Thereafter and on January 27, 1927, the board of land commissioners by resolution designated as the land to which this water should be thereafter applied, section 8, township 35 north, range 8 E. N. M. P. M., and notified the respondent irrigation district herein, successor of the La Jara Meadows Land and Reservoir Company, of such designation. The petitioner Braiden made frequent demands upon the respondents for the delivery of this water, which demands were uniformly met by a refusal. On August 8, 1927, a petition and affidavit by Braiden was filed in the district court of Conejos county asking for an alternative writ of mandamus, requiring the respondents, the Terrace Irrigation District, et al., to deliver this water upon section 8, then owned by Braiden, or show cause why it should not so deliver it. The alternative writ was issued and served upon the respondents, the irrigation district and its three trustees, and on October 20, 1927, they filed an answer to the alternative writ, to which answer a reply was filed on November 3, 1927. No further action was taken in this matter until February 11, 1931, when a supplemental answer was filed to the original petition in which it was alleged that since the commencement of the action and the issuance of the alternative writ the La Jara reservoir and a part at least of its distributing system had been sold and conveyed to

the La Jara Reservoir and Irrigation Company on September 28, 1928. Nothing further was done in this matter until in February, 1931, when a reply to this supplemental answer was filed. The court then proceeds to say that the delay in the prosecution of the suit is admitted by both parties to have been occasioned by attempts at compromise, which proved fruitless. The case finally was reached for trial on February 27 and 28, 1931, and was set for argument and decision in March following. At the hearing February 28, the petitioner was allowed to file an amended and further replication to the answer of the respondents and on March 2, the respondents asked for and were granted leave to file an amended answer to the alternative writ of mandamus, the filing of which amended answer was allowed upon the stipulation of the parties made in open court that the petitioner might forthwith file a replication thereto and might amend the alternative writ so as to require the delivery of said water to the petitioner for the year 1927, *and subsequent years*. The theory upon which the case was presented to the district court, by both parties, as shown by the pleadings and evidence introduced, and by positive statements to the trial judge, was that the question to be submitted to the court for decision was the issuance of a peremptory writ requiring respondents to deliver water during the irrigation season of each year thereafter.

On the 8th day of July, 1911, the La Jara Meadows Land and Reservoir Company, the original owner, conveyed to the respondent, the Terrace Irrigation District, the reservoir and irrigation system owned by it, "subject, however, to the terms and provisions of a certain right of way deed dated August 12, 1906, * * * which said second party hereby assumes and agrees to discharge and perform by furnishing water for irrigation without any charge therefor for the 147.1 acres of land therein mentioned." The court then says that the respondents in the case admitted that they may be called upon to furnish 147.1 acre feet of water each season, but

deny the right of the petitioner Braiden to receive said water upon the designated land owned by him and deny the power of the court to issue a peremptory writ of mandamus requiring them to furnish water because: First: The water has been attached by a formal order of the state board of land commissioners to section 16, township 35 north, range 8 east, and, Second: That by the sale of a part of their reservoir system, including the La Jara reservoir to the La Jara Reservoir and Irrigation Company, it has become impossible for them to comply with such writ if it should issue.

The trial court, following the foregoing statement of the facts, said the issues for determination are: (1) Is the petitioner in position to demand the delivery of water to him to be used upon said section 8? and, (2) May the respondents be required by peremptory writ of mandamus, to deliver this water regardless of the fact that it has sold and conveyed to the original owner, La Jara Meadows Land and Reservoir Company, the La Jara Reservoir? The respondents also contend that Braiden took nothing by the deed by which the state board of land commissioners sought to convey to him the water right in question, and that the state board was without power to make such a deed or to convey said water right. The trial court then said: "As to the last contention that Braiden received no title to the water right from the State Board of Land Commissioners it is perhaps sufficient to point out that respondents' predecessor in title to the irrigation system conveyed the water right in question by formal deed to the State Board of Land Commissioners and [neither of them] cannot now be heard to contend that the said Board could not receive such conveyance, or in turn convey the water right to some one else. By the deed by which the La Jara Meadows Land and Reservoir Company conveyed the water right originally to the State Board of Land Commissioners it agrees 'to deliver' said amount of water to the land or lands hereafter selected, designated and certified or to

such point on or adjacent to said land or lands as will enable the user of said water to distribute said water over said land *or such other land or lands as shall or may be selected, designated and certified which shall or may be subject to its system.'* ''This language the court added: ''clearly gives the State Board of Land Commissioners the right to designate the land in Conejos County upon which this water should be applied *and to change such designation,* subject to the single limitation that the land designated must be subject to its system. * * * We must look to the deed by which the right is granted for any limitation upon that right and no such limitation as is contended for appears in such deed.''

''It is next contended that even if Respondents should be required, by Peremptory Writ, to deliver the water to petitioner as required by the Alternative Writ it would be impossible for Respondents to make such delivery for the reason that it does not now own the system from which said water is to be supplied. The sale of this part of the system was made by the Respondents to The La Jara Reservoir and Irrigation Company on the 1st day of January, 1929, but in the deed by which said sale was consummated the conveyance was made 'subject to the rights of the State of Colorado or W. A. Braiden in and to 147.1 acre feet of water from said reservoir if any.' As this sale to the La Jara Reservoir and Irrigation Company was made subject to the rights which had been given by deed by Respondents' grantor it cannot be said to be impossible for Respondents to comply with the mandate. Even if it might be said to be impossible for them to do so this impossibility of performance would be due to the acts of the Respondents done during the pendency of the action and would constitute no ground for the refusal of the writ. First Natl. Bank v. Arthur, 54 Pac. 1107, 12 C. A. 90; Colo. Fuel & Iron Co. v. State Land Board, 60 Pac. 367, 14 C. A. 84.

''Respondents will be required by Peremptory Writ of mandamus to deliver to the lands of the petitioner lo-

cated in Section 8, Township 35 North, Range 8, East N. M. P. M. in each irrigation season hereafter one acre foot of water per acre for 147.1 acres of land or 6,407,676 cubic feet of water during each irrigation season.'' It is pertinent here to say that after this suit was begun this record shows that respondents actually did perform and did deliver water to section 8.

The trial court reached the right conclusion. The Meadows Company, original owner of this irrigation system, conveyed to the state land board of Colorado the right to the use of the waters of its system for irrigating lands of the state and agreed to deliver the designated volume of water annually to the lands of the state to be thereafter selected and certified to the Meadows Company by the board. Counsel for respondents further say that the state board thereafter made such selection by designating lands of the state in section 16 of the township to which the water was to be applied and was thereby restricted from designating any other lands. The trial court, however, said, and properly so, that the language of the deed in question giving the state board the right to designate the lands to which the water should be applied, also empowered the state board to change such designation, subject only to the limitation that the land designated must be subject to its system. Looking to the language of the deed of the land board, we find that it specifically says that the Meadows Company on request shall deliver the water to lands hereafter selected, designated and certified, or to such point on or adjacent to such lands as will enable the user of said water to distribute the same over the designated lands, or such other lands as may be selected, designated and certified that are susceptible to irrigation from its system. And still further in the deed it is recited that the Meadows Company ''is to construct in said County and State, its reservoir, canal and lateral system in such manner as to enable it to deliver, and it hereby agrees to deliver said amount of water to the land or lands here-

after selected, designated and certified, or to such point on or adjacent to such land or lands, as will enable the user of said water to distribute said water over said land, or such other land or lands as shall or may be selected, designated and certified which shall or may be subject to its system.'' The language employed in this deed of the Meadows Company to the state land board unquestionably requires the Meadows Company and its assigns to deliver water upon request, which was made, to irrigate the lands in section 8. We are unable to find anywhere in this record, and we have not been cited thereto, any language which requires or compels water to be delivered only upon lands in section 16.

■■ We now pass to the consideration of the question as to plaintiff's right to relief in a mandamus action. Counsel for the defendants or respondents say that, in effect, the plaintiff petitioner is here seeking to establish a perpetual right to the use of water for irrigation in a mandamus action, which is not permissible. They cite *Northern Colorado Irrigation Co. v. Pouppirt,* 47 Colo. 490, 108 Pac. 23, and other similar cases. Unquestionably, these decisions so hold. But the doctrine contended for is wholly inapplicable to the facts of this case. The plaintiff petitioner in this action is not attempting to establish any such right. His right to the use of water for irrigating his lands has not been questioned in this case. To the contrary, the pleadings disclose that the plaintiff's water right for irrigation is not in dispute, but is conceded. The real objection, however, which respondents press is that the trial court awarded to the petitioner a writ to compel delivery of the water not only for 1927, but also such relief indefinitely thereafter. As has already been stated, the application for mandamus was made in the district court in 1927 and the record shows, and the trial court so stated, that trial and decision of the controversy was postponed by the consent of the parties who, in the meantime, were negotiating for an adjustment of the controversy between them as to the

right to the use of this water. The plaintiff, several years after the alternative writ was prayed for, asked to amend the alternative writ by inserting in the prayer for relief, in addition to the original prayer of relief for 1927, similar relief perpetually thereafter each year. The court granted permission for this amendment because, the judge said, the question for decision had, by tacit consent of the parties, been extended beyond the relief prayed for in the original writ.

Considering these circumstances, we are of the opinion that the court committed no error in permitting an amendment of the alternative writ, and was authorized under the decisions of this court, if the facts of the case warrant it, in making the alternative writ perpetual or indefinite thereafter. Whatever the rule may be in other jurisdictions, this court in *People v. District Court,* 81 Colo. 163, 255 Pac. 447, has held that a writ of mandamus to compel the delivery of water for irrigation may be continuous, the court retaining jurisdiction to enforce obedience to the writ, and is not restricted to the one year in which it was prayed for or issued. We also held in that case that mandamus lies to compel not only the performance of a single act, but may also be invoked to require the execution of a series of similar acts. We think this case is decisive of the only substantial question raised in the record, which is that in a writ of mandamus to compel the defendant or respondent to deliver water to the petitioner to which he is entitled, the court is not restricted to any single year but may, as was done in this case, require the execution of deliveries for a series of years or indefinitely thereafter.

There are some other and minor questions which are raised in the case but their resolution one way or the other would not affect our final disposition and judgment in the case. The judgment is, therefore, in all respects affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Hilliard concur.