[No. 5,815.—Department One.]
January 21, 1881.

THE PEOPLE EX REL. COMMISSIONERS OF TRANS-
PORTATION *v.* THE CENTRAL PACIFIC RAILROAD
COMPANY.

MANDAMUS—DEFAULT—COMMISSIONERS OF TRANSPORTATION—ABATEMENT
OF ACTION.—In a proceeding for *mandamus* to compel the defendant,
under the Act of April 3, 1876 (Stats. 1875-6, p. 783), to furnish to the
Commissioners of Transportation, created by that Act, certain informa-
tion, the default of the defendant was entered, and a peremptory writ
issued.

*Held:* The writ of *mandamus* can not be granted by default; and held, fur-
ther, the Act having been repealed, that the proceeding should be dis-
missed.

APPEAL from a judgment and order for the issuance of a
peremptory writ of mandate in favor of plaintiff, in the
Third District Court of the City and County of San Fran-
cisco. McKEE, J.

*S. W. Sanderson, McAllister & Bergin,* and *S. M. Wilson,*
for Appellant.

*H. H. Haight,* and *Stephen H. Phillips & J. D. Murphy,*
for Respondents.

McKINSTRY, J.:

The action is by *mandamus,* to compel the defendant, under
the Act of April 3, 1876, to furnish to the Commissioners of
Transportation, created by that Act, certain information.
(Stats. 1875-6, p. 783.)

The judgment appealed from is as follows : " In this action,
the plaintiff's demurrer to the defendants' answers having
been by this Court sustained, and the said defendants having
failed to appear and amend their answers within the time
allowed by law, therefore it is ordered that the default of the
defendants, the Central Pacific Railroad Company, be entered
for failure to amend their answers, and that a peremptory
writ of *mandamus* issue."

The Code of Civil Procedure (Section 1088) provided,
* * * " The writ [of mandate] can not be granted by

default. The case must be heard by the Court, whether the adverse party appear or not." The judgment must therefore be reversed.

The Act of April 3, 1876, was repealed (without exception or reservation) by the tenth section of the third chapter of the Act of April 1, 1878 (Stats. 1877–8, p. 986); and, from the date last mentioned, the Commissioners of Transportation—to whom the judgment of the District Court commanded defendant to report—ceased to exist. It follows that the proceeding should be dismissed.

Judgment reversed, and Court below directed to dismiss the action.

MCKEE and Ross, JJ., concurred.