Cause of Action.
BREAUX, C. J.
Relator asks for a writ of mandamus ordering the board of commissioners to recall and annul the order dismissing him from the office of inspector of the police force of the city of New Orleans, and to fully restore him to the position which he had filled until a few days prior to the filing of his petition for a mandamus.
Statement of Facts.
Relator was elected by the board of commissioners to serve during good behavior at a salary of $4,000 a year.
He avers, in substance, that he faithfully and properly discharged the functions of his office, but that by an organized conspiracy entered into between the members of the board of commissioners and other persons named in the petition he was ousted from his office.
That changes were brought about in the personnel of the board of commissioners with a view to his removal. That he had been absent from the city with leave and on his return became aware of the conspiracy charged. That he had interviews with the mayor and others to which he refers. That influences were brought to bear to compel him to resign, and that other reprehensible steps were taken to get rid of him as an officer. He sets forth in detail the complaint of bad treatment which he urges.
We will not go into lengthy details of the facts of the case. To go a step further needful to the decision, relator sets up that charges in general terms without specifications were brought against him when it was found that he would not resign (he annexed a copy of these charges to his petition), and thereafter he was ousted from his office; that he called upon the board of commissioners for specific charges, which the board declined to furnish. Other requests he avers were made, among them to be permitted to appear by counsel, which was declined. He says he asked the mayor to recuse himself for reasons stated; that he also requested a delay to summon witnesses, which was refused. He asked for a bill of particulars of charges brought against him and for a list of witnesses, which were refused.
He filed written protest containing a narrative in full, of which the foregoing is a summary sufficient for the decision of issues now before us; the case not being before us on the merits.
The further action of the board of commissioners was the order of dismissal.
Whereupon relator brought this action, setting forth in detail all his grounds of attack directed against the proceedings taken to dismiss him from office.
When this suit was called for hearing in the district court, a contention, arose as to who should begin — as to whether relator should announce his readiness to proceed with the trial or whether the respondent should not first file answer to the mandamus.
To state further, relator claimed the right to be informed of the nature of respondent’s return before his (relator’s) announcement whether he was ready to go to trial. Four of relator’s witnesses were absent. The hearing was 'continued for a stated number of days.
*357 Prior to this continuance relator asked that, in the absence of any reason shown Why the alternative writ should not be made peremptory, the court direct that it be made peremptory.
This the court declined to grant, and ordered a continuance, as just mentioned.
To the ruling of the court declining to make the writ of mandamus peremptory, counsel for relator reserved a bill of exceptions. On the day to which hearing had been continued a number of witnesses were absent.
In answer to an inquiry from counsel for relator to know if any return had been made to the order to show cause, counsel for respondent propounded the counter inquiry whether the relator was ready to go to trial. Similar inquiry was propounded by the court. Relator’s counsel persisted in wishing to be informed whether there'was a return made in the answer to the rule nisi and that then counsel would be placed in a position to determine whether or not they were ready.
The contention of relator’s counsel is- that they were ready if the question intended to be raised was one of law; aliter, if the answer to the rule contained reference to facts, requiring proof to meet and refute them. Counsel for relator reiterated that, under the practice, they were entitled to a written return, citing several decisions in support of their contention. The further contention was raised by relator incidentally, that the oath of the relator, if met by a full return of respondent, being oath against oath, only then the burden of proof would shift to relator. On the 11th of July, 1905, the day fixed for hearing the rule, relator, through counsel, renewed his motion asking the court to direct respondent to comply with the court’s order previously issued; that is, direct respondent to file his return, or, in default of his return, that the mandamus be made peremptory.
We excerpt the following from the respondent judge’s return in answer to the rule nisi issued by this court:
“I called the case for trial, and asked: ‘Gentlemen, are you ready?’
“Respondent [in the district court] answered that it was ready. Counsel for relator asked that their witnesses be called, many of whom did not respond to the call of their names. Counsel for relator refused to answer the court as to whether they would proceed to trial or not. They (the counsel) proceeded to inquire of counsel for respondent if they had a written return to the writ, what the return contained, if they would file said return, etc. Answers were refused to these questions, except to say that every allegation of fact contained in the petition would be traversed, and the law laid down therein contested.”
The court reiterated, the refusal to grant the order and in the return to this court stated its readiness to proceed with the trial whenever relator would be ready. The respondent judge returns further that he has not heard the case and arrived at no judgment. The respondent judge further answers that this court is without jurisdiction to render judgment prior to a judgment rendered by the court a qua, that this court is without authority to assume original jurisdiction, that he has not refused to proceed with the trial, but, on the contrary, he called the case for trial and would have tried it, if relator had been ready.
We have already stated that a rule nisi was issued and a day fixed to hear the parties, relator and respondent.
Respondent not having filed an answer, relator moved the court to make the writ peremptory.
Opinion.
Relator’s first contention is that his motion should have been granted, and the writ made peremptory. Relator invokes the articles of the Code of Practice, which read:
“The court to which the complaint is addressed, if it thinks there is no ground for interposing its authority, shall issue an order addressed to the party or to the inferior judge against whom the complaint is made, by which he shall be directed to do what has been demanded of him, or to show cause to the con *358 trary, within a certain time after the service-of the order, to be fixed by the court.” Article 841.
And also the other article which provides:
“If the answer is considered insufficient, then a peremptory mandate shall issue.” Article 843.
The language of the article is not imperative. The court must find that the answer of the respondent is insufficient. The court a qua, not having found anything upon the answer, for none has been returned, cannot be ordered by this court to enter a decree making the mandamus peremptory.
The issues have not reached that stage which the article indicates as proper to make the writ peremptory. There was no return, sufficient or insufficient. The act of the judge, if he were to make the writ peremptory or if he refused to make this order, is judicial and requires the exercise of the highest discretion. No order can properly issue by this court to the respondent judge directing him to render a specific judgment.
The court will not direct what judgment should be rendered.
This court has repeatedly in its decisions declined to compel a respondent judge to render a specific judgment. It has ruled that it would compel a respondent judge to proceed with the trial, adjudicate, but has not gone further.
A court cannot be divested by mandamus of all authority to decide a judicial question.
That part of relator’s contention must be dismissed.
In the second place, it appears the trial was brought to a standstill between the parties. The respondent-contended that he was not obliged to file his return until relator announced that he was ready for trial. Relator, on the other hand, announced that he had a right to see the return before announcing that he was ready.
We cannot overlook the fact that in his return the respondent judge states that he has never refused to hear the case and that he is ready to proceed with the trial.
The act devolving • upon respondent judge was judicial. If he chose to inquire-' if relator was ready for trial, if he was pro-, pared to sustain allegations of his petition by- reference to law or by needful proof, in case proof was deemed necessary, it was incumbent upon him to satisfy the respondent judge that he was ready. In thus inquiring, and in stopping for an answer, the respondent judge did not render himself liable to be proceeded against by mandamus.
There is remedy by appeal, if improper conditions are imposed.
We have not found that the inquiry and expected answer were improper conditions, even though the inquiry was made before the respondent was called upon for a statement as to whether he was ready to proceed, and, if ready, if he was prepared to make return.
Had the relator announced to the court that he was ready, it was yet time for the court to inquire of the respondent if he was ready and what steps he had taken toward complying with the alternative writ. In any event the fact that the court called on the relator first affords no ground for mandamus. “While the writ of mandamus lies in many cases to courts and judicial officers to compel them to perform certain acts, or to take action in certain class of cases, in no case will the writ issue to compel the exercise of discretion vested in such courts or officers.” Ency. of Pleading and Practice, vol. 13, 520.
In the matter of practice, the respondent commissioners submitted to the court’s ruling and followed the court’s direction. They, by thus following this direction, are not to be prejudiced. “Actus curias nemini damnosus.”
An act of the court should not be held to injure one or the other party to the suit.
*359 'Relator and respondent announce themselves ready for trial. The respondent judge says in his return that he has never refused to hear the case.
It would be extraordinary if anything were now to arise to prevent the hearing.
“Sails, oars, and stream all tend to one direction.”
There is no room for the harsh remedy of mandamus.
The office of the writ is to direct something to be doné.
All parties being ready, in that direction the court must decline to interfere.
The writ is recalled, and the petition of applicant is not granted.