[No. 7912]

PARR V. SEXSON.

1. MANDAMUS—*Default*—A default entered in mandamus proceedings, and judgment thereon declaring the alternative writ peremptory, without hearing testimony is in direct conflict with sec. 344, Code of Civil Procedure, R. S. 1908. Sec. 350 of the code has not the effect to do away with the necessity for a hearing, and testimony.

2. ——*Damages*, are not to be awarded where there is no allegation of damages.

*Error to Logan District Court.*—Hon. H. P. BURKE, Judge.

Mr. B. C. HILLIARD, Mr. J. R. ALLPHIN, Mr. J. V. REDMOND, Mr. QUITMAN BROWN, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Some time in 1910 the high school committee of Logan county, representing the Logan county high school

district, employed one Ragan as principal of the high school. For some reason satisfactory to the committee Ragan was discharged on or about the 8th of May, 1912, and the defendant in error Sexson, plaintiff below, was employed by the committee to act as principal in place of Ragan. After the discharge of Ragan and employment of Sexson, a new member was added to the high school committee, in the person of L. K. Parr, plaintiff in error, defendant below.

The discharge of Ragan created a division of sentiment among the patrons of the school. It appears that Parr was among those who believed that Ragan ought not to have been discharged. Encouraged by the fact that one member of the committee, who happened to be the treasurer of the high school district, sympathized with him in his belief that he was wrongfully ousted, Ragan refused acquiescence, and contended that he was still the legally qualified and acting principal of the Logan county high school.

After Sexson had served one month he presented a bill to the high school committee, then in regular session, which was allowed, to the amount of $209.33, and a warrant ordered drawn. Such warrant was duly signed by the secretary of the committee, and countersigned by the president. Under the law the treasurer of the district was also required to sign before the county treasurer was authorized to pay the warrant. Upon presentation of the warrant to Parr, treasurer of the high school district, he refused to sign. Thereupon this action in mandamus was brought by Sexson to compel Parr to sign such warrant in accordance with the provisions of the statute. An alternative writ was issued on August 6th, 1912, requiring Parr to plead thereto on or before the 12th day of that month. At ten o'clock of that day Parr appeared by his attorneys with a motion to quash

the service of summons, but the court being then engaged in other business, directed the parties to return at two o'clock in the afternoon, at which time the motion was overruled. Parr then and there tendered for filing, first, a demurrer and then an answer, each of which the court declined to receive on the ground that they came too late. Thereupon, on motion of counsel for Sexson, the court entered a default judgment, making the alternative writ peremptory, and fixing damages in the sum of $50.00. Parr brings that judgment here for review.

Section 344 of the code of civil procedure, R. S. 1908, being section 4 of chapter 30, entitled "Writ of Mandamus," reads as follows:

"When the application to the court or judge is made without notice to the adverse party, and writ be allowed, the alternative shall be first issued; but if the application be upon due notice, and the writ be allowed, the peremptory writ may be issued in the first instance. The notice of the application when given, shall be at least ten days. The writ shall not be granted by default. The case shall be heard by the court or judge, whether the adverse party appear or not."

The record here affirmatively shows that a default was entered against the defendant, and that a judgment thereon without a hearing or the taking of testimony was awarded, making the alternative writ peremptory, and entering a money judgment as for damages against the defendant for $50.00. Such default judgment was entered in direct conflict with the specific provision of the code, that the writ shall not be granted by default, and that in mandamus the case shall be heard by the court or judge whether the adverse party appear or not, and was therefore improper and unwarranted. For this reason the judgment must be reversed.

Counsel for Sexson cite, as authority for the judg-

ment that was entered, that part of the provision of section 350 of the code, R. S. 1908, which reads:

"If no answer be made, the case shall be heard on the papers of the applicant."

This simply means that the hearing shall go forward upon the applicant's pleadings, but does not do away with the necessity for testimony, or a hearing. On the contrary, in harmony with the requirements of section 344, *supra*, it calls for a hearing and does not purport to modify that provision. The following decisions are in point and uphold our conclusion: *People ex rel v. Central Pacific R. Co.*, 62 Cal. 506; *Legg v. Annapolis*, 42 Md. 203; *State v. Young*, 6 S. D. 406, 61 N. W. 165; *State v. Board of County Com'rs*, 115 La. 684, 39 South. 842; *State v. Crites*, 48 Ohio St. 173, 26 N. E. 1052.

In the alternative writ there is no allegation of damages. The writ is the initial pleading, the complaint, in the case. It seems fundamental that where no damages are alleged none are recoverable. Attention is directed to this matter lest the court upon rehearing fall again into the error of awarding damages where there is no averment upon which to predicate them. Even if proof of damages should be tendered upon rehearing, in the present state of the pleadings, it would be incompetent and should be rejected.

We do not approve the action of the court in refusing to permit the defendant to file demurrer to the alternative writ, and in also declining to allow an answer or return thereto. Such action appears arbitrary and unwarranted. These pleadings were offered in natural and orderly sequence, and, as it seems to us, in apt time, under the facts of the case. However, the alternative writ clearly states a cause of action and was not subject to general demurrer. We have examined the answer, or

return, to that writ, which the defendant proffered, as the same has been preserved and brought up in the record, and are persuaded that it states no defense. Therefore, in practical effect, the defendant was not injured by the action of the court.

For the error heretofore pointed out, in accepting the allegations of the writ as confessed and entering default judgment, without hearing, the same is reversed and the cause remanded with instructions to require proof to support the truth of those allegations.

*Reversed and remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.