No. 9728.

WIRE v. FISHER.

1. CORPORATIONS—*Right of Stockholder to Inspect Corporate Books.*
   The right given to the stockholder, by Rev. Stat. Sec. 870, to
   inspect the stock ledger is an absolute right, and cannot be
   denied upon the ground of improper motive imputed to the
   stockholder.

2. STATUTE—*Right Given By.* A clear legal right given by statute
   cannot be defeated by showing improper motive.

*Error to Denver District Court, Hon. Thos. J. Black, Judge.*

Mr. H. L. SHATTUCK, for plaintiff in error.

Mr. CLIFFORD W. MILLS, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is a suit in mandamus brought by a stockholder of
a corporation against the secretary of such corporation.
The petitioner sued for, and obtained in the court below, a
peremptory writ of mandamus, whereby he is permitted to
examine and investigate the stock ledger and lists of stock-
holders of the corporation, to take therefrom such extracts
as he may desire, and to copy therefrom the names and ad-
dresses of the stockholders of the company. The respond-
ent, the secretary of the corporation, against whom the
writ was issued, brings the cause here for review, and ap-
plies for a supersedeas.

The only question necessary to be considered in this opin-
ion is that raised or suggested in the fifth assignment of
error, which reads as follows:

"The court erred in requiring respondent to permit peti-
tioner to make a copy of the names and addresses of the
stockholders of (the corporation) for his own private pur-
poses wholly independent, and outside, of his interests in
said company as a stockholder."

The respondent's answer to the petition for a writ of
mandamus contained allegations tending to show that the

petitioner's purpose, in seeking to inspect the books of the company, and to make extracts therefrom, was such as mentioned in the above quoted assignment of error. A demurrer to the answer was sustained, and the respondent having elected to stand upon his answer, judgment was rendered for the petitioner. Stated in other words, the question is whether or not a stockholder's motive or purpose in the inspection of the books of his company, and in the making of extracts therefrom, is a subject for judicial inquiry, in this jurisdiction.

Section 870 R. S. 1908 (sec. 1004 M. A. S. 1913), so far as material in this connection, reads as follows:

"It shall be the duty of the directors or trustees of every such corporation * * * to cause a book to be kept by the secretary or clerk thereof, containing the names of all persons, alphabetically arranged, who are, or shall within one year have been stockholders of such corporation, and showing their place of residence, the number of shares of stock held by them respectively, and the time when they respectively became the owners of such shares, and the time when they ceased to be such stockholders, and the amount of stock actually paid in, and what proportion has been paid in cash; which books shall, during the usual business hours of the day, be open for the inspection of the stockholders and creditors of the company, and their personal representatives, at the office or principal place of business of such company, in the county where its business operations shall be located; and any and every such stockholder, creditor or representative shall have a right to make extracts from such books. * * * Every officer or agent of any such company authorized to keep such book or books who shall * * * refuse * * * to allow the same to be inspected, and extracts taken therefrom, shall be, as provided by this section, deemed guilty of a misdemeanor. * * *

The right thus given to the stockholder of a corporation, by the foregoing statute, to inspect the stock ledger and list of stockholders of the corporation, is an absolute and

not merely a qualified or conditional right. In 10 Cyc. 956, par. 4, it is said:

"Where the right is guaranteed by statute, the shareholder need not give any reason to the officers of the corporation for demanding it, the rule of law being that where a party has a legal right to do a thing, the motive which may prompt him in demanding such right is not the proper subject even of a judicial investigation. It is therefore no defense to a judicial proceeding to compel the granting of this right that the information sought to be obtained might be used for an improper purpose."

To the same effect is the text in 7 R. C. L. 326, sec. 303, where, among other things, it is said that "the modern view where the right of inspection is conferred by statute absolute in terms, is that the application cannot be denied on the ground of improper motives, because a clear legal right created by statute cannot be defeated by showing an improper motive." See also *Johnson v. Langdon,* 135 Calif. 624, 67 Pac. 1050, 87 Am. St. 156, and *Kimball v. Dern,* 39 Utah 181, 116 Pac. 28, Ann. Cas. 1913E 166 and note, 35 L. R. A. (N. S.) 134.

Upon principle, and the authorities above cited, we are of the opinion that the writ of mandamus in the instant case was properly issued, and no error was committed in sustaining the demurrer to the answer. The application for a supersedeas is denied, and the judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Scott concur.