No. 9725.

JAMESON v. HANAWALT.

1. MANDAMUS—*Pleadings.* The writ must show every fact necessary to the right. A writ nowhere alleging the truth of the matter relied upon *held* fatally defective.

2. *Judgment Upon the Pleadings,* is not permitted.

3. CORPORATIONS—*Stockholders' Right to Examine Books,* is not to be denied upon suggestion that the stockholders' purpose is to obtain information which he may use to the injury of the corporation.

*Error to Denver District Court, Hon. Julian II. Moore,
Judge.*

Department One.

Mr. P. L. PALMER, for plaintiff in error.

Mr. DANIEL B. CAREY, for defendant in error.

Opinion by Mr. Justice Teller:

DEFENDANT in error filed his petition in the District Court and on it there was issued an alternative writ of mandamus to compel the plaintiff in error, as secretary of a corporation, to permit the petitioner, as a stockholder, to examine the books and accounts.

A return was made alleging that the petitioner desired to examine the books for the purpose of obtaining information which he could use to the injury of the company.

To the return a demurrer was filed and sustained. Thereupon judgment was entered upon the pleadings and the writ made peremptory.

Plaintiff in error alleges that the action of the court in sustaining the demurrer and entering judgment on the pleadings was error. This court has several times held that judgment could not be entered upon the pleadings in an action in mandamus.

*Parr v. Sexson,* 56 Colo. 491, 138 Pac. 768; *Yellow Jacket Co. v. Wessels,* 58 Colo. 246, 144 Pac. 869; *Clark v. Tindolph,* No. 9488, 185 Pac. 648.

The demurrer to the return was properly sustained. A stockholder's purpose in examining corporation books is not to be inquired into in an action of this kind.

*Wire v. Fisher,* 66 Colo. 545, 185 Pac. 469.

It may be noted, however, that the demurrer, if carried back to the alternative writ, was good. The writ is the first pleading and should allege every fact necessary to show the right. This writ contains but two issuable averments. They are that a petition had been filed and that it contained the allegations recited in the writ. No where is it directly averred that the allegations of the petition are

true.  This form of pleading in mandamus has been many times condemned.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.