No. 12,367.

SMITH *v.* JOINT SCHOOL DISTRICT NO. 3, IN THE COUNTIES OF OTERO AND CROWLEY.

(295 Pac. 794)

Decided January 26, 1931.

310

Mr. Edward F. Chambers, Mr. M. G. Saunders, Mr. Harry E. Mast, for plaintiff in error.

Mr. Henry W. Allen, Mr. Fred A. Sabin, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

This is a mandamus action brought by defendant in error, joint school district No. 3, in the counties of Otero and Crowley, against the plaintiff in error, Gladys E. Smith, as county superintendent of schools of Crowley county, to compel her to correct the records of her office so as to definitely show the correct boundaries of school district No. 16 and of that part of joint school district No. 3, lying in Crowley county, by showing sections 5 and 6 in said county to be within the boundaries of the latter. The district court entered the peremptory writ, a review of which is here sought.

The record discloses that in March, 1889, Otero county was carved out of Bent county; that theretofore there existed in Bent county, school district No. 3, comprising sections 5 and 6, township 22 south, range 57 west of the 6th P. M. together with other territory; that thereafter said district was known as school district No. 3 in Otero county embracing the same territory; that in 1895, school district No. 16 was created out of a portion of school district No. 17 in Otero county; that said sections 5 and 6 belonging to school district No. 3 in Otero county were incorrectly described as being within the boundaries of the newly created district No. 16; that this was done without the knowledge and consent of school district No. 3 or of parents of school children residing therein; that

in 1911, Crowley county was created out of a portion of Otero county, said sections 5 and 6 lying within Crowley county; that upon the creation of Crowley county, former school district No. 3 of Otero county thereafter was recognized and functioned as joint school district No. 3 in the counties of Crowley and Otero; that from 1895 to 1911 when Crowley county was so created, notwithstanding the error above recited, sections 5 and 6 were considered by the board of directors and residents of said districts Nos. 3 and 16 as part of, and belonging to, school district No. 3; that until the institution of this action in 1925, all the school children residing in sections 5 and 6 were schooled in joint school district No. 3, and that the county superintendent of schools in Otero county in 1902 corrected the boundary line of school district No. 16 showing sections 5 and 6 as being part of school district No. 3, but respondent refused so to do.

The district court found that school district No. 3 was a duly organized joint school district lying partly in Otero and partly in Crowley county and that said sections 5 and 6, now in Crowley county, are a part of, and since its organization have belonged to said district and decreed that the records of respondent should be reformed to show the correct boundaries as herein indicated.

1. It is urged that petitioner's capacity to sue was not shown. This is based upon the contention that joint school district No. 3 does not exist as a legal entity because the statute (section 8312, C. L. '21) authorizing the creation of a joint school district was not complied with.

Prior to the creation of Crowley county in 1911, all of the land, including sections 5 and 6, claimed and decreed to belong to petitioner was embraced within the boundaries of the legally organized school district No. 3 in Otero county. After 1911, part thereof, including sections 5 and 6, was in Crowley county. There was never an attempt upon the part of Crowley county officials or

residents to organize this territory into a school district. Upon the contrary, it was treated as being a part of and belonging to territory theretofore controlled by what was formerly school district No. 3 of Otero county, which ever since the organization of the two counties has been recognized and has functioned as a joint school district under the name of joint school district No. 3 of Otero and Crowley counties and as such continuously and indisputably since 1911 has exercised the prerogatives and enjoyed the privileges of a legally formed joint school district. In other words, the territory of a legally organized school district was divided into two parts by the creation of a new county. Evidently this division was considered by all to operate as the creation, ipso facto, of a joint school district.

Unless section 8312, supra, applies as well to the creation of a joint school district from contiguous lands theretofore included in one legally organized district and divided by the creation of a new county as to lands in two or more contiguous counties which had theretofore never been included within the boundaries of a legally organized school district in one county, no statutory provision exists for the creation of a joint school district under the facts here involved. To hold that section 8312 is applicable and, because it was not complied with, that petitioner is not now a legal entity and cannot bring this suit would be hypertechnical, unfair and disruptive of similar and the customary procedure adopted under like circumstances by other school districts in the creation of 57 joint school districts in this state. However, a determination of this question is unnecessary.

Section 8326, C. L. '21, provides: ''All school districts now formed or which may hereafter be formed, which shall continue to exercise, undisputed, the prerogatives, and enjoy the privileges, of a legally formed district, for the period of one year next succeeding the election of its officers, shall be deemed to be a legally formed district, and its legality shall not thereafter be questioned.''

This section is construed in *People, ex rel., v. Girardot,* 70 Colo. 444, 445, 202 Pac. 111, as follows:

"This is a statute of repose. We think this statute must be held as establishing the conclusive presumption that a school district openly and notoriously in the exercise and enjoyment of the franchises, privileges and prerogatives of a school district, for one year is a legally constituted school district, and that its legality cannot now be questioned by this writ of error.

" 'It is a matter of common knowledge that municipal action is often exceedingly irregular, although taken in perfect good faith. If these municipalities are subject to be called into court to defend their original organization, and be subject to dissolution, after they have gone on raising taxes, buying property, contracting debts, and exercising all their usual franchises for years, the mischief and embarrassment that might ensue would be incalculable. These were the evils which the statute was designed to prevent by providing that, after a school district had exercised the franchises and privileges of a district for one year, the legality of its organization should not be questioned.' *State v. School District,* 54 Minn. 213, 55 N. W. 1122."

Undoubtedly, its purpose was to limit the right to question, after the lapse of one year, the legality of a school district created either by irregular compliance or noncompliance with the law. Petitioner has been operating as a de facto joint school district for a period of 20 years. Its existence as a legal entity throughout that period has never been questioned. This, in our opinion, is sufficient authority for petitioner to maintain this action. Respondent cannot now be heard to urge its nonexistence as a legal entity.

2. It is asserted that mandamus is not the proper remedy because the petitioner has no clear legal right to the relief sought; respondent is under no clear legal duty to perform the particular act sought; the writ, if issued,

will not be effectual to accomplish the real purpose of the action.

█ Its legal capacity to sue having been determined, the clear legal right to maintain an action in mandamus is based upon the allegation and proof that sections 5 and 6 which have continuously belonged to petitioner since its organization have been erroneously excluded from its territory. The respondent is under a clear legal duty to perform the act sought to be coerced because of the specific provisions of the statute here invoked (§8278, C. L. '21): "It shall be the duty of the county superintendent to ascertain the boundaries of each school district in his county, and to make and keep a record of the same in a suitable bound book, which record shall show definitely the boundaries of each district. In case the boundaries are found to be conflicting or incorrectly described, he shall harmonize the same and make a report of such action to the board of school directors whose districts are affected thereby. District officers shall have access to such records for the purpose of examination, making copies, or for other legitimate purposes. The county superintendent shall prepare or have prepared a map of the county showing the correct boundaries of the districts."

█ The relief sought will be effectual because the sole purpose of the action and the only relief sought is to correct the erroneous records of respondent to show that sections 5 and 6 are within the territorial limits of petitioner. The exercise of the act sought to be compelled is neither judicial nor quasi judicial but purely ministerial. The ministerial character of a similar act was determined in *People v. Van Horn,* 20 Colo. App. 215, 77 Pac. 978. Therein, at page 228, it is stated:

"The petitioner in this case sought to enforce the performance by the county superintendent of schools of a purely ministerial or clerical act, to wit, to record in a book kept by her for that purpose, the description of the boundaries of the relator district as defined by the elec-

tors, and to prepare a map of the same, pursuant to the requirements of Mill's Ann. Stats., secs. 3988 and 3992, supra.

"This being a purely ministerial act, the relator district being without other remedy, would be entitled to a writ of mandamus upon the proper showing."

 3. It is further contended that the petitioner cannot maintain an action of mandamus because school district No. 16 of Otero county, the bondholders thereof and bondholders of 'petitioner, are indispensable parties and have not been joined as respondents herein.

We are of the opinion that neither school district No. 16 of Crowley county nor the bondholders of either school district No. 16 or of petitioner are indispensable parties hereto. No relief is here sought against school district No. 16 or against any bondholders. Not being parties hereto, their rights in no event can be prejudiced by the decision herein.

The sole purpose of this action is to compel the respondent to exercise a ministerial act for the purpose of correcting a demonstrated error. Assuming school district No. 16 of Crowley county to be a proper party, even if it had been joined as a party respondent, no more thorough investigation or proof of the facts involved could have been made. The record discloses that both petitioner and respondent have searched the countryside with a fine-toothed comb in an endeavor to present to the court all available evidence bearing upon the question of whether sections 5 and 6 were erroneously excluded from petitioner's district.

This case was pending in the district court from December, 1925, to April 4, 1929. The learned judge thereof patiently and studiously considered the evidence and the arguments of counsel and thereafter found that the error charged existed and decreed its correction. The record fully substantiates the findings and decree and the judgment is accordingly affirmed.