THESE parties appear here in the same order as in the trial court. We hereinafter refer to them as plaintiff and defendants.
Plaintiff has a decree for storage water for irrigation of date October 1, 1888. It takes its water from Surface Creek on which its reservoir is built. When spring floods have subsided the stream does not furnish sufficient water for direct irrigation for lands under ditches taking therefrom. The priorities of some of these antedate that of plaintiff, others are subsequent. The total capacity of all exceeds the creek flow, even in flood times, save when this is unusually large. Defendants, water officials charged with the duty of administration, refused plaintiff the right to store when the ditches needed the water for direct irrigation, irrespective of the dates of their priorities. Plaintiff, claiming the right to store as against ditches with subsequent priorities, brought mandamus. Defendants demurred for want of parties (because water users under said ditches were not joined) and for want of facts. The demurrer was sustained on both grounds. Plaintiff elected to stand and the action was dismissed at its costs. To review that judgment it prosecutes this writ.
[1] Many pages of briefs filed herein, much oral argument, and countless authorities cited, are devoted to the exposition and maintenance of the following propositions: Where a statute is susceptible of an interpretation which conforms to the Constitution and another which violates it the former will be adopted. Chicago B. Q. Ry. Co. v. School Dist., 63 Colo. 159, 165 Pac. 260.
[2] Where the language used is plain, its meaning clear, and no absurdity is involved, Constitution, statute or contract, must be declared and enforced as written. There is nothing to interpret. People ex rel. Seeley v.May, 9 Colo. 80, 10 Pac. 641.
[3] Sections 5 and 6 of article XVI, Colorado *Page 508 
Constitution, are self-executing. Lyons v. Longmont, 54 Colo. 112,129 Pac. 198.
[4] The police power cannot transcend the Constitution nor be so exercised as to abrogate it. Smith v.Farr, 46 Colo. 364, 104 Pac. 401.
[5] In Colorado the doctrine of appropriation of water antedates the Constitution. Coffin v. Left HandDitch Co., 6 Colo. 443, 446. Water rights are property rights. Ft. Lyon Co. v. Rocky Ford Co., 79 Colo. 511,515, 246 Pac. 781. The test of priority of right is beneficial use, not means of application. Thomas v. Guiraud,6 Colo. 530. The rule "First in time first in right" applies as between users for the same purpose. Sec. 6, art. XVI, Colorado Constitution. Junior appropriators may not infringe the right of seniors. Comstock v.Ramsay, 55 Colo. 244, 133 Pac. 1107. Junior appropriators for a use preferred under said section 6 may not take from senior appropriators for a subordinate use without compensation. Town of Sterling v. Pawnee D. E.Co., 42 Colo. 421, 94 Pac. 339.
[6] Long usage can neither repeal constitutional provisions nor justify their infraction. Leckenby v. PostCompany, 65 Colo. 443, 176 Pac. 490. In cases of doubt long usage and practical construction by governmental departments should control. Webster v. Luther, 163 U.S. 331,16 Sup. Ct. 963, 41 L. Ed. 179.
[7] Recognition of claims of property rights based upon an unconstitutional statute can never ripen into a contract. Great Plains W. Co. v. Lamar C. Co., 31 Colo. 96,71 Pac. 1119.
While the foregoing legal principles should be borne in mind in considering the questions here presented, few of them are directly involved and all are so firmly established and so wholly unquestioned that we merely restate them and cite a single authority in support of each.
[8-10] We consider first the sufficiency of the complaint. To determine that, we must decide whether a senior reservoir may take, for storage, its full *Page 509 
appropriation when a portion of the water is needed by junior ditches for direct irrigation. Defendants say no, and stand upon section 1682, C.L. 1921, which is section 38, page 106, of the General Irrigation Act of 1879. The portion thereof here in question reads: "Persons desirous to construct and maintain reservoirs, for the purpose of storing water, shall have the right to take from any of the natural streams of the state and store away (only) any unappropriated water not (then) (thereafter) needed for immediate use for * * * irrigating purposes; * * *." The words in parenthesis are not in the act, but most of the arguments presented contend for an interpretation which would require one or another of them to be so written.
Plaintiff answers that the statute has been repealed, and that if not it is no defense unless, as defendants claim should be done, the said word "thereafter" be read into it, in which case, it says, it violates the Constitution, and particularly that portion of section 6, article XVI, which stands as adopted in 1876, and which reads: "The right to divert the unappropriated waters of any natural stream to beneficial uses shall never be denied. Priority of appropriation shall give the better right as between those using the water for the same purpose; but when the waters of any natural stream are not sufficient for the service of all those desiring the use of the same, those using the water for domestic purposes shall have the preference over those claiming for any other purpose, and those using the water for agricultural purposes shall have preference over those using the same for manufacturing purposes."
Assuming, without deciding, that the statute is in force, that the legislature was not prohibited by the Constitution from passing it with the word "thereafter" inserted, and that such is its proper interpretation, we must next determine whether the word "only" should be read into it. All the arguments assume that the act means just what it would if that word were inserted. *Page 510 
We think a careful reading of it will show the error of that assumption. As the act stands it is a grant, with that word inserted it is a prohibition.
In territorial days, and during the first three years of statehood, reservoirs were built, and others could have been. Assuming the Constitution left the General Assembly free to forbid reservoirs taking, under senior appropriations, water thereafter needed by ditches for direct irrigation under junior appropriations, no such act had been passed. In its absence, doubtless, such reservoirs and ditches stood upon an absolute equality. Priority of appropriation and useful application alone controlled. When a reservoir made its appropriation it was unqualified by any contingent needs of junior ditches for water for direct irrigation in the future. "First in time first in right" ruled. The senior reservoir could not only take and store water "not then" needed for immediate use for irrigation, but also water "not thereafter" so needed, and "thereafter" so needed. This conclusion not only appeals to us as correct; it is assumed in all the arguments here made. Then came the Act of 1879 which gave the reservoir the right (if we interpret statute and Constitution as defendants contend) to take and store "water not thereafter needed" for direct irrigation. The right thus purportedly granted was but a part of a right already existing. How then did it prohibit diversion by the reservoirs of water thereafter needed for direct irrigation? Only, it seems to us, by implication, and that by invoking the maxim, "The expression of one is the exclusion of another." But the maxim is not applicable to a statute merely affirming existing law. City of Lexington v.Commercial Bank, 130 Mo. App. 687, 692, 108 S.W. 1095. In the interpretation of a contract we have said, in substance, that where a right exists it is not strengthened by repetition, nor is it revoked by failure to repeat. The maxim does not apply in such cases. Loveland v. Clark,11 Colo. 265, 269, 18 Pac. 544. It follows that the maxim may never be resorted to in denial of existing rights by *Page 511 
invoking its aid in the interpretation of a statute granting others which are not inconsistent. This is doubly true when it appears, as here, that the very right which the statute purports to grant is one which already exists. For instance, an act granting a defendant the right of trial by jury, in a case where such right already exists, could not, by resort to the maxim, be interpreted as a repeal of other statutes granting such right in other cases. If this conclusion is correct we are not at liberty to write into the Act of 1879, by way of interpretation, the word "only," and without it that portion of the statute in question confers upon plaintiff nothing it had not theretofore, and takes from it nothing it theretofore had. We accordingly find that the complaint states a cause of action.
[11] It remains only to consider whether the demurrer for want of parties was good. This depends upon the availability of the remedy sought. If mandamus was the proper remedy, other water users on the stream need not be made parties. The rights of all have been established by decrees entered in general adjudication proceedings. The remedy here sought is simply the enforcement of such judgments by officials charged therewith. That the remedy is the correct one and the parties sufficient is, we think, amply established by the following: People exrel. v. Jefferson Dist. Court, 46 Colo. 386, 104 Pac. 484;Smith v. School Dist., 88 Colo. 309, 295 Pac. 794; TerraceDist. v. Braiden, 92 Colo. 292, 299, 19 P.2d 756.
This cause was first assigned to the writer a year ago and an opinion affirming the judgment was handed down April 15, following. Then came petitions for rehearing by the plaintiff and others, eight in all, in which, by leave of court, the entire cause was re-presented, and this again by oral argument September 9, 1935. Thus while no rehearing has been granted the procedure followed has given counsel all the advantage thereof. In fact some of them were permitted to appear for the first time by briefs on these petitions. Perhaps few cases in *Page 512 
this court have been more fully presented, or received more careful and extended consideration by the justices, due largely to the extent and importance of the interests involved and the number and standing of counsel representing those interests. Our earlier labors were naturally devoted to a consideration of the theories advanced in the briefs and the reasons urged in their support. Our former opinion, hereby withdrawn, was thus written. Very recently, however, we have reached the conclusion that this judgment should be reversed for the foregoing reasons, reasons not assigned in any of the very able briefs or oral arguments with which we have been favored, save inferentially, where Messrs. Lee, Shaw 
McCreery cite Greeley Transportation Co. v. People,79 Colo. 307, 314, 245 Pac. 720, and quote therefrom the following: "`What is expressed is exclusive only when it is creative, or in derogation of some existing law.' Lewis, Sutherland Stat. Const. (2nd Ed.), Vol. 2, Sec. 491. `The enactment of a law does not raise a presumption that it did not exist before.' Id. Sec. 495."
Such being the disposition of it, not only are defendants in error entitled to petition for a rehearing, if so advised, but to argue that petition, and plaintiff in error and amici curiae to answer such argument. Such petition and briefs, if any, will be filed as by our rules provided and limited to this opinion. Such of amici curiae as desire to appear further will join in a single brief.
The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.