No. 15,169.

NORTH POUDRE IRRIGATION COMPANY *v.* HINDERLIDER ET AL.
LARIMER AND WELD RESERVOIR COMPANY
ET AL. INTERVENERS.
(150 P. [2d] 304)

Decided June 19, 1944.

468

Mr. Thomas J. Warren, for plaintiff in error.

Messrs. Kelly & Snyder, Mr. Robert G. Smith, Mr. L. R. Temple, Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Samuel L. Fairlamb, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Claiming that by a valid decretal order of the district court of Larimer county, made in a general adjudication in 1909, it was entitled to an over-all delivery for storage in its No. 3 Reservoir, of 125,000,000 cubic feet of water,

plaintiff in error, hereinafter to be referred to as plaintiff, instituted the suit, the judgment in which is here for review, against the public water officials, herein joined as defendants in error, to restrain them from computing and limiting water deliveries to said reservoir upon the basis of the depth of water above the outlet tube therein, as it was said they did, rather than by measurement of the actual cubical content decreed, whereby it was alleged that plaintiff annually has been deprived of some 50,000,000 cubic feet of water. While the questions for determination in this review relate to matters of procedure, we deem it essential to a better understanding of such, that we mention preliminarily the nature of the basic controversy as disclosed by the presentations of the parties.

The decree in question adjudicated to plaintiff's reservoir No. 3, as Priority No. 11, "so much water as was necessary to fill said reservoir to a depth of twenty feet from the base of the outlet tube, and a capacity of 110,-000,000 cubic feet," and further decreed to said reservoir by appropriation by increased storage as Priority No. 29, "so much water as was necessary to fill said reservoir to a depth of twenty-six feet, an increased depth of six feet, from the base of the outlet tube, with a capacity of 125,000,000 cubic feet." In the decree it was further provided, inter alia, with respect to all the many reservoirs therein included that "In determining the capacities of the reservoirs therein awarded decrees, the depth of water that can be stored therein shall be held and determined as controlling, irrespective of the cubical capacity which may be recited in the findings and decree * * *."

The complaint recites that as a result of siltation by inflowing waters, the capacity of its reservoir, particularly in its lower levels, has been so reduced that presently, as is said to appear from a survey by the State Engineer, when filled to twenty feet above the base of the outlet on Priority No. 11, plaintiff is given but 40,-

555,800 cubic feet of water, and when filled to the twenty-six foot depth on Priority No. 29, only 72,818,490 cubic feet, as against the 125,000,000 over-all volume, plaintiff claims, and alleges it could and did store within the depth limits mentioned in many years prior to the intrusions of silt. Because of these factual considerations and upon the contention that the decree was for the storage of an actual 110,000,000 cubic feet under Priority No. 11, and a 15,000,000 cubic feet additional under No. 29, plaintiff further pleaded that to secure such it now should be entitled, under its respective priorities, to fill its reservoir successively to 26 feet and 32½ feet above the outlet tube. It is alleged in the complaint that plaintiff had requested the public water officials—who have been holding the deliveries to the specific levels mentioned in the decree — to permit filling to the higher levels, but that these requests had been denied, as a consequence of which plaintiff asked for the extraordinary relief hereinabove mentioned.

The water officials, appearing by the Attorney General, filed a pleading entitled: "Disclaimer and Motion," in the following form: "Come now the above named defendants and disclaim any interest in the determination of the issues involved in this cause, and for reasons therefor state to the Court that said defendants are ministerial officers of the State of Colorado and as such are only nominal parties, and move that no costs in this cause be assessed against them."

"The above named defendants further state that there are water users which are necessary and indispensable parties defendant to this cause, and therefore move the Court that an order be entered summoning such water users, as parties defendant, having an interest in the controversy of such a nature that a final decree cannot be made without affecting their substantive rights or leaving the controversy in such a condition that its final determination would be wholly inconsistent with equity and good conscience."

January 22, 1942, plaintiff filed a motion for judgment on the pleadings and on the 26th the court ordered such motion set for hearing on February 11. In the interim, on January 30, plaintiff moved to strike from the water officials' "Disclaimer and Motion" the second paragraph thereof, and the words "and as such are only nominal parties" contained in the first sentence thereof, and further requested therein that the cause be set for trial on February 11. On that day, in addition to counsel for the original parties, there came also, through their attorneys, the four water companies here joined as defendants in error and offered motions to intervene on the side of the defendants, with answers attached.

The applications for intervention were grounded upon the provisions of Rule 24 R.C.P. Colo., and particularly upon (a) (2) and (b) (2) thereof, which respectively provide that intervention of right shall be allowed "when the representation of applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action," and may be granted permissively "when an applicant's claim or defense and the main action have a question of law or fact in common." While differing in details, particularly in the nature of allegations of special defenses, the interveners, by their answers pleaded, in substance, that they were owners of water rights junior in point of time to the priorities awarded plaintiff's Reservoir No. 3 by the decree in question, the entry and validity of which are admitted; but in opposition to the contention of plaintiff, alleged that by reason of the express limitations therein, quoted hereinabove, the plaintiff is precluded from storing water over the depth of 20 feet on his Priority No. 11 or above 26 feet on No. 29; denied expressly, or upon information and belief, that plaintiff in any one year ever has stored water under these priorities above such levels or to the volume of 125,-000,000 cubic feet as the complaint asserts, or that at the last specified depths plaintiff's reservoir ever had

capacity materially in excess of that presently attaining, and denied unequivocally or in the statutory form, that by silting the capacity of said reservoir "has been greatly reduced, particularly at its lower levels," as the complaint alleged. In making this resumé of the pleadings, we mention that we do not understand that the admissions by some of the answers of the interveners to the allegations of the complaint, that the State Engineer *had made* an official survey, with the results shown by a plat which was attached to the complaint as an exhibit, is a binding confession factually that silting or filling in to the degree asserted in the complaint has occurred. Thereupon, following argument by appropriate counsel, the court successively: (1) Granted plaintiff's motion to strike; (2) sustained the remaining portion of defendants' motion, specifying that the "Attorney General to name interested parties, and allowed ten days to elect or stand on pleadings;" (3) permitted the four defendants in error water companies to intervene and file answers to the complaint; (4) overruled plaintiff's motion for trial instanter and allowed it until February 18 to plead to the answers; and, (5) continued the cause until February 24 for hearings on motions. February 17, the interveners moved for an order, in effect requiring plaintiff to implead all owners of priorities and claimants for water appropriations adjudicated by or pending in the district court of Larimer county subsequent to plaintiff's first priority date of October 1, 1884. None of such allegedly indispensable parties defendant were identified by name or title in the motion. February 18, plaintiff filed a motion asking for reconsideration of the court's ruling permitting the interventions and to strike the answers of the interveners. Neither the defendant water officials nor the Attorney General filed further pleadings. February 24, the court sustained the interveners' motion requiring the impleading of the additional parties defendant and overruled plaintiff's motion to reconsider and strike, but allowed

"plaintiff ten days to elect to stand on motion or plead to answers of interveners." March 5, plaintiff elected not to plead to such answers and not to make the additional water users parties as had been ordered, and gave notice of its intention to renew its motion for judgment on the pleadings against the original defendants. March 23, considering the election of plaintiff, the court dismissed the action at plaintiff's costs and entered an order dispensing with the filing of a motion for new trial.

As grounds for reversal plaintiff, which prosecutes this proceeding in error, specifies that the court erred: (1) In requiring the joinder as defendants of all junior water appropriators and claimants in the district; (2) in permitting the interventions and allowing the filing of, as well as in not striking, the answers of such interveners; (3) in refusing to enter judgment on the pleadings for plaintiff against the defendant water administrative officials; and, (4) in dismissing plaintiff's action.

As appears from the foregoing summary of the pleadings, the litigation primarily arose from a dispute over the administration of the 1909 decree. No one questions that such decree is res judicata as to the quantity of water that plaintiff was awarded or that in this particular it is not binding on all appropriators or claimants of water in the district. The primary question is *what* was the amount of water decreed to plaintiff under the priorities in concern? The resolution of this question hinges upon whether the language of the decree as to the depth limitation, as administered by the water officials, shall control over cubical capacity, claimed by defendant. When it is determined what amount of water the decree awards plaintiff, there is interjected the question, of factual import, as to whether the storage decreed has been impaired by the siltation alleged, and, if it has, what alleviation, if any, is due to plaintiff from the courts? As they are the first to concede, and no one well can dispute, the defendant water officials are charged by law with the duty of distributing water to

the plaintiff as established by judicial decree, and should the contentions of plaintiff finally prevail in the litigation, the judgment sought will be in the form of a mandate to the water officials, and no one else, to administer the decree as may be determined and prescribed.

■ ■ While Rule 106, R.C.P. Colo., pertaining to remedial writs, abolishes the special form of pleading, writ and name of the remedy theretofore known as mandamus, the substantive aspects of such proceedings are preserved, and relief of the same nature as was formerly provided in mandamus actions may be granted in accordance with precedents established under the old practice. In a proceeding of such nature, junior water users in the district are not essential parties, and need not be joined and the court erred in so requiring here. *People ex rel. v. Hinderlider,* 98 Colo. 505, 57 P. (2d) 894. Apropos of this subject it is stated in the opinion: "It remains only to consider whether the demurrer for want of parties was good. This depends upon the availability of the remedy sought. If mandamus was the proper remedy, other water users on the stream need not be made parties. The rights of all have been established by decrees entered in general adjudication proceedings. The remedy here sought is simply the enforcement of such judgments by officials charged therewith. That the remedy is the correct one and the parties sufficient is, we think, amply established by the following: *People ex rel. v. Jefferson District Court,* 46 Colo. 386, 104 Pac. 484; *Smith v. School Dist.,* 88 Colo. 309, 295 Pac. 794; *Terrace Dist. v. Braiden,* 92 Colo. 292, 299, 19 P. (2d) 756."

■ ■ Concerning the question of the intervention, the second point raised in the review, it is to be noted at the outset that the circumstance that one is not a necessary or essential party, as is the situation of the junior water appropriators here, of itself does not preclude a court from permitting him to intervene. See, *Broomfield v. Trinidad Nat. Inv. Co.,* 36 F. (2d) 646,

71 A.L.R., 542, wherein it was held that allowance of an intervention is not error although the rights of the parties might have been worked out without the presence of the intervener, where such participation did no harm and made a more comprehensive decree possible. See, also, 39 Am. Jur., p. 934, §60. It further may be observed that while an intervener may join either the plaintiff or the defendant in the principal action, or may oppose both, he cannot, without the consent of the plaintiff, be substituted in the place or stead of the defendant. 39 Am. Jur., p. 929, §56. In the instant case it may be considered doubtful whether the applicants might intervene as a matter of right under Rule 24 (a)(2), supra, for while the defendant water officials, because of their professed neutrality may not give adequate representation to the interests of the junior appropriators, yet, as we have mentioned, should the plaintiff prevail the judgment will be in the form of a mandate to such officials and would not in the terms thereof be binding on the junior water users, although they might be affected indirectly by it. To hold that intervention of right by the latter was available in such circumstances would seem to place quite a strain on the meaning of the words "is or may be bound by a judgment in the action." See, *Brotherhood of Locomotive Engineers v. Chicago, M. & St. P. R. Co.*, 34 F. Supp. 594, 4 Fed. Rule Service, 24 (b) 2, Case 1. Also, 39 Am. Jur., p. 935, §61. However this may be, and without deciding the point, we are satisfied the district court did not abuse its discretion in the present instance in allowing intervention under the permissive provisions of Rule 24 (b) (2), since, as the United States Supreme Court recently held in the case of *Securities and Exchange Commission v. United States Realty & Imp. Co.*, 310 U.S. 434, 60 Sup. Ct. 1044, 84 L. Ed. 1293, the specification thereof that, "anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact

in common," plainly dispensed with any requirement that the intervener shall have a direct or personal or pecuniary interest in the subject of the litigation.

We are satisfied the court committed no error in refusing to grant plaintiff's motion for judgment on the pleadings against the original defendants. The contention of plaintiff on this point is grounded upon the theory that the enigmatic pleading, labeled a disclaimer, filed by defendant water officials, in reality was an answer, and since it did not deny any allegations of the complaint, plaintiff was entitled to judgment on the pleadings for the full relief prayed for in its complaint. It is quite elementary that a judgment should not be rendered on the pleadings unless the court may fully and completely determine therefrom the rights of the parties in the subject matter in conroversy and pronounce a judgment with respect thereto, which should be final between them. *Larimer & Weld Res. Co. v. Ft. Collins M. & E. Co.,* 60 Colo. 241, 152 Pac. 1160; *Fehringer v. Martin Drug Co.,* 56 Colo. 445, 138 Pac. 1007; *Williams v. Rocky Mt. Fuel Co.,* 55 Colo. 133, 133 Pac. 742. That such might not have been done in the instant case, without a consideration of factual matters seems clear, as in effect plaintiff conceded by its subsequent motion for a trial instanter and the request therein that the "court then and there proceed to the taking of evidence upon the complaint of plaintiff and the 'disclaimer' or answer of defendants and enter its judgment accordingly." Further, by the time the hearings' dates on plaintiff's motions for judgment on the pleadings and for trial instanter, had arrived, intervention had been allowed and answers controverting the complaint were on file. In such circumstance it would have been erroneous to enter final judgment on the pleadings for the relief sought by the complaint. *Cache la Poudre Co. v. Hawley,* 43 Colo. 32, 95 Pac. 317. Also, judgment upon the pleadings is not to be granted when the defect of which complaint is made is one which may be cured by amend-

ment. *Kingsbury v. Vreeland,* 58 Colo. 212, 144 Pac. 887. In the instant case, had the pleadings of defendants been adjudged insufficient, it is certain the right to amend would follow. Preceding the advent of Rule 106 R.C.P., Colo., supra, judgment on the pleadings in a mandamus action was not allowable. Code, §345; *Clark v. Tindolph,* 67 Colo. 67, 185 Pac. 648; *Jameson v. Hanawalt,* 67 Colo. 153, 186 Pac. 717, and *Parr v. Sexson,* 56 Colo. 491, 138 Pac. 768. If this principle is a substantive aspect of a proceeding for relief in the nature of mandamus, as distinguished from one of pleading and practice, it was not affected by the adoption of the new rules; however, under the views first expressed above, we find it unnecessary to consider the latter question herein. Concerning the subject, see 35 Am. Jur., p. 108, §367.

▬ Finally, we conclude judgment of dismissal should not have been ordered. As has been pointed out, the trial court was mistaken in requiring a joinder of junior water appropriators, and so dismissal properly could not be upheld for plaintiff's election not to comply with such erroneous order; nor was it justified from plaintiff's failure to reply to the answers of the interveners. Since neither the pleadings of defendants nor the answers of the interveners advanced a counterclaim, plaintiff, under Rule 7(a) R.C.P., Colo. had no primary duty to reply to either. See, *Aktiebolaget Stille-Werner v. Stille-Scanlon,* 1 F.R.D. 395, and *Bender v. Connor,* 28 F. Supp. 903. The alternative direction to plaintiff; i. e., to reply or elect to stand, did not amount to an unequivocal order to reply within the meaning of the final sentence of Rule 7(a), supra. Since, in reality litigable issues thus were presented by the pleadings, the court erred in dismissing the action. The judgment is reversed, but by reason of the importance and unusual character of the proceeding, on remand, due consideration may be given to applications of the parties, if any such shall be presented, for leave to file amendments or additional

pleadings, action thereon to be consistent with the views herein expressed and the applicable rules of procedure.